The **BOLTONS TRADING CORPORATION**, Plaintiff,

v.

Paul **KILLIAM**, Gregstan Enterprises, Inc., a corporation, Film Pathways, Inc., a corporation, Killiam-Sterling Film Collection, Inc., a corporation, Killiam Shows, Inc., a corporation, the Walter Reade Organization, Inc., formerly Walter Reade-Sterling, Inc., a corporation, Fremantle International, Inc., a corporation, Saul Turrell, Eastin-Phelan Corporation, a/k/a Blackhawk Films, a corporation, Entertainment Film Co., Inc., a corporation, American Film Institute, a corporation, and Museum of Modern Art, a corporation, Defendants.

No. 70 Civ. 4291.

United States District Court,
S. D. New York.

Dec. 21, 1970.

Max H. Galfunt, New York City, for plaintiff.

Morgan, Finnegan, Durham & Pine, New York City, for defendant Eastin-Phelan Corp.; Jerome G. Lee, New York City, of counsel.

**POLLACK, District Judge:**

Defendant Eastin-Phelan Corporation moves to dismiss this suit as to it pursuant to Rule 12(b), F.R.Civ.P., on the ground of improper venue and moves the Court to quash return of service for lack of personal jurisdiction. For the following reasons, the motions are granted.

Plaintiff alleges in its first two claims that Eastin-Phelan and the other named defendants infringed plaintiff's renewal copyright on eight Douglas Fairbanks, Sr. motion pictures. The moving defendant is not named in the remaining claims; these assert breach of contract, conversion and unfair competition on the part of the other defendants.

Title 28 U.S.C. § 1400 governs both personal jurisdiction and venue in a copyright action. It says:

> "(a) Civil actions, suits or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or *may be found*." (Emphasis added)

[■] The statute refers to both natural persons and corporations. Gulf Research & Development Co. v. Schlumberger Well Surveying Corp., 92 F.Supp. 16 (S.D.Cal.1950); Deutsch v. Times Pub. Corp., 33 F.Supp. 957 (S.D.N.Y. 1940).

[■] It has also been recognized that the copyright statute does not require a stronger finding of presence with its reference to "may be found" than is usually required in order to obtain jurisdiction over a corporate defendant. Backer v. Gonder Ceramic Arts, Inc., 90 F.Supp. 737 (S.D.N.Y.1950). In other words, the standard is the same whether jurisdiction is determined with reference to the New York long arm statute, CPLR § 302, and its standard of "transacting business" or with reference to the copyright statute.

Defendant, quoting International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945), argues that it does not even have "certain minimum contacts" with the forum "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"

Defendant corporation is incorporated under the laws of Iowa and its principal place of business is in Iowa. According to the affidavit of its president, it operates a mail order business in Davenport, Iowa; it is not licensed to do business and does no business in New York; has no employees, agents or sales representatives in New York; has no property, pays no taxes, has no telephone listings, and makes no contributions to anyone else's place of business in New York. The affidavit does state that twice a year its corporate officers visit New York to confer with film suppliers for the selection and purchase by it of films.

In addition, defendant using the trade name "Blackhawk Films" prints the "Blackhawk Film Bulletin" through which it solicits the purchase of films listed therein. That bulletin is distributed to interested persons in New York by mail only. The bulletin contains order blanks and charge account applications. The order blanks, and checks or money orders to cover the price of the films requested, are mailed to Eastin-Phelan's offices in Iowa for approval and acceptance there of the orders. Eastin-Phelan has no control over these sales. The films are shipped directly to purchasers in New York and elsewhere. Eastin-Phelan's films are sold to Sears Roebuck which advertises them in its catalogs distributed in New York. Eastin-Phelan has no control over the distribution of Sears' film catalogs. These catalogs do not identify Eastin-Phelan or Blackhawk Films as the source of the films offered therein. Eastin-Phelan also sells films to the Willoughby/Peerless Film Library in New York which then in turn either sells or rents those films to individuals.

None of the films listed in paragraphs 7 and 8 of the complaint said to constitute the films whose copyrights were infringed are offered for sale by Eastin-Phelan in New York or anywhere else.

The Court finds that Eastin-Phelan's mail order business and its sale of films to businesses which then deal with individuals do not constitute a systematic and continuous activity which would subject it to the jurisdiction of this court under the copyright statute or under § 302 of the CPLR.

Applying the Illinois long arm statute, on which that of New York is premised, the Seventh Circuit has held that a mail order business is not subject to the jurisdiction of the Illinois courts, Trippe Manufacturing Co. v. Spencer Gifts, Inc., 270 F.2d 821 (7th Cir. 1959).

Neither are the visits of Eastin-Phelan corporate officers to New York sufficient to vest jurisdiction in this Court under 28 U.S.C. § 1400. In Gauvreau v. Warner Bros. Pictures, Inc., 178 F.Supp. 510 (S.D.N.Y.1958), appeal dismissed, 267 F.2d 861 (2d Cir. 1959), the Court wrote:

"In order for a corporation to be 'found' within the jurisdiction, it must engage in the same systematic and continuous activity to make it 'present' under the rule in International Shoe * * * Infrequent visits to the jurisdiction by an officer of a foreign corporation do not of course constitute such systematic and continuous activity as will subject it to local jurisdiction." 178 F.Supp. at 511–512.

The summons and complaint were served on the president of Eastin-Phelan by a United States marshal in Davenport, Iowa. The Court orders that return of that service be quashed for lack of personal jurisdiction. The complaint against defendant Eastin-Phelan is dismissed. There is no just reason for delay and judgment of dismissal shall accordingly be entered herein, for lack of jurisdiction, without prejudice. Rule 54(b), F.R.Civ.P.

So ordered.