**MODE ART JEWELERS CO.,**
Plaintiff,

v.

**EXPANSION JEWELRY LTD. and**
**Fashion High Creations, Inc.,**
Defendants.

**No. 75 Civ. 519 (WCC).**

United States District Court,
S. D. New York.

March 4, 1976.

Amster & Rothstein, New York City, for plaintiff; Morton Amster, New York City, of counsel.

Drummond, Nelson & Ptak, Phoenix, Ariz., for defendants; William H. Drummond, LaValle D. Ptak, Phoenix, Ariz., of counsel.

Curtis, Morris & Safford, P.C., New York City, Local Counsel for defendants; John A. Mitchell, Pasquale A. Razzano, New York City, of counsel.

## MEMORANDUM AND ORDER

CONNER, District Judge:

This is another of the seemingly inevitable struggles for choice of forum which bedevil the Courts in industrial property litigation, here a controversy over alleged infringement of ten registered copyrights on costume jewelry.

On February 4, 1975, Mode Art Jewelers Co. (Mode Art), a New York corporation engaged in the manufacture and sale of such jewelry, brought this action for copyright infringement against Fashion High Creations, Inc. (Fashion High), the Arizona corporation which manufactured the accused jewelry and Expansion Jewelry Ltd. (Expansion), a New York corporation, which buys the jewelry from Fashion High and resells it through a retail store in New York City.

Six weeks later, on March 21, 1975, Fashion High and Expansion brought against Mode Art in the United States District Court for the District of Arizona a civil action, No. 75–174 PHX WPC (the Arizona action), (1) for a declaratory judgment of invalidity of the ten registrations in suit here on the ground that the designs were originated by Fashion High and the accused pieces were made and sold by it before the dates of publication alleged in the registrations, and (2) for alleged unfair competition in threatening Fashion High's customers with legal action, resulting in loss of sales by Fashion High.

Three days later, on March 24, 1975, Fashion High moved in this Court for an order staying all proceedings in this action pending determination of the Arizona action. On October 9, 1975, Mode Art filed its opposition to that motion and its own motion to enjoin Fashion High and Expansion from further proceedings in the Arizona action.

From an inspection of several of the Fashion High and Mode Art jewelry pieces at a conference in chambers, it is obvious that such perfect duplication could not have resulted from independent work. Undoubtedly either there was copying by one party from the other, or both derive from a common source. Mode Art has submitted an affidavit of its designer, Dominic Napolitano, asserting that he originated the designs in question. Just who was the originator and who the copyist is thus a disputed issue of material fact which, of course, cannot be resolved on conflicting affidavits. However, it need not be resolved in order to dispose of the present motions.

The motion of Fashion High and Expansion for a stay of this action is based upon the alleged grounds that

1) this Court lacks personal jurisdiction over Fashion High;

2) insofar as the claim against Fashion High is concerned, venue in this District is improper;

3) the Arizona court has personal jurisdiction over Mode Art; and

4) Expansion is only a customer; Fashion High and Mode Art are the real parties in interest and the Arizona action between them should proceed with this action being stayed for judicial economy.

In opposition to the motion to stay and in support of its motion to enjoin prosecution of the Arizona action, Mode Art asserts that

1) this action, having been filed first, should be the one to proceed;

2) this Court has personal jurisdiction over Fashion High;

3) the issue of venue in this Court is "improperly raised"; and

4) the Arizona court lacks personal jurisdiction over Mode Art.

I. Venue and personal jurisdiction over Fashion High.

On the critical venue issue, neither party cited a single authority, not even the copyright venue statute, 28 U.S.C. § 1400(a).

That statute provides that actions for copyright infringement may be brought "in the district in which the defendant or his agent resides or may be found."

Under 28 U.S.C. § 1391(c), a corporation is a resident of "any judicial district in which it is incorporated or licensed to do business or is doing business * * *."

■ A corporation is "found" in any district in which personal jurisdiction might be obtained over it. *Geo-Physical Maps v. Toycraft Corp.*, 162 F.Supp. 141, 146–47 (S.D.N.Y.1958); *Backer v. Gonder Ceramic Arts*, 90 F.Supp. 737, 738 (S.D. N.Y.1950). In other words, it must be engaged, in the district of suit, in the same type of "systematic and continuous activity" necessary to make it "present" there under the rule of *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). *Gauvreau v. Warner Bros. Pictures, Inc.*, 178 F.Supp. 510, 511 (S.D.N.Y.1958); *Geo-Physical Maps v. Toycraft Corp.*, supra.

■ Fashion High has submitted the affidavit of its president, Louis Schmidt, asserting that it is an Arizona corporation having its only office and place of business in Phoenix, Arizona, and that it has no offices, agents or representatives in the State of New York. Those assertions are uncontradicted. In response, Mode Art merely states the bald conclusion that Fashion High was "properly served * * * under the New York Long Arm Statute (C.P.L.R. 302)," and makes the baffling argument that the issue of venue is "improperly raised" because "[t]here has been more than sufficient time (nine months)" since the complaint was filed for this issue to be raised "in accordance with the Federal Rules of Civil Procedure."

Mode Art has somehow overlooked the fact that the venue issue was raised by Fashion High in its motion to stay filed only about six weeks after this action was filed, and before any responsive pleading or general appearance had been filed on its behalf.

On the record before me, and in the absence of any showing, or even suggestion, by Mode Art of a basis for long arm service upon Fashion High, I would be forced to conclude that this court has no personal jurisdiction over it, and that venue is improper as to it. However, since Fashion High has not specifically asked for dismissal of the action against it, but only for a stay pending determination of the Arizona action, I will defer such dismissal for a period of thirty days to afford Mode Art the opportunity to submit evidence that Fashion High or one of its agents is engaged in "systematic and continuous activity" in this District.

II. The motions to stay this action and to enjoin proceedings in the Arizona action.

■ Neither party has mentioned a single fact tending to show why a trial in one forum or the other would be more convenient for the parties or witnesses or better serve the interests of justice.

The motions for a stay and for an injunction are therefore denied without prejudice to their renewal upon a meaningful showing of facts affecting the balance of convenience. See, for example, *William Gluckin & Co. v. International Playtex Corp.*, 407 F.2d 177, 179–80 (2d Cir. 1969), and cases cited therein.

\*     \*     \*     \*     \*     \*

Fashion High's motion for a stay will be treated as a motion to dismiss for improper venue, and the action will be dismissed as to it within thirty days of the date of this order in the absence of a showing within that time of facts establishing proper venue as to Fashion High in this District. The motions of both parties are in all other respects denied without prejudice.

SO ORDERED.