**BATTLE CREEK EQUIPMENT COMPANY, a Michigan Corporation**

v.

**ROBERTS MANUFACTURING COMPANY, a corporation, Melvin Duklewski, an Individual, Mid-Michigan Supply Alta Surgical Supply Company.**

No. K78–39 C.A.

United States District Court,
W. D. Michigan, S. D.

June 26, 1978.

**19**

Hugh L. Fisher, Patrick M. Griffin of Fisher, Gerhardt & Groh, Birmingham, Mich. (Price, Heneveld, Huizenga & Cooper, Randall G. Litton, Grand Rapids, Mich. of counsel), for plaintiff.

Willingham, Cote, Hanslovsky, Griffith & Foresman, East Lansing, Mich. (Raymond J. Foresman, East Lansing, Mich., of counsel), Blades & Rosenfeld, Baltimore, Md. (Theodore C. Mitchell and Jeffrey H. Scherr, Baltimore, Md., of counsel), for defendants.

## OPINION

FOX, Chief Judge.

Plaintiff brought this action seeking damages and injunctive relief for defendants' alleged violations of trademark, patent, copyright, and unfair competition laws and for breach of contract. Defendants Roberts Manufacturing Co., Inc. and Melvin Duklewski have moved to dismiss the complaint for improper venue; defendant Duklewski has moved to dismiss for lack of personal jurisdiction, insufficiency of service of process, and failure to state a claim upon which relief can be granted; and plaintiff has moved for leave to file an amended complaint. These motions will be discussed seriatim.

(1) *Venue.*

Plaintiff has alleged in its complaint that venue is proper under 28 U.S.C. § 1391(b). That section provides that "[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law." Plaintiff alleges that its claim arose in this district, and defendant challenges that assertion.

Plaintiff contends that defendant Roberts Manufacturing is a Maryland corporation with offices in Baltimore and a plant in Pennsylvania where it manufactures therapeutic heating pads of a type similar to those manufactured and sold by plaintiff.

The Roberts heating pads are sold primarily by mail orders, but some are also sold to wholesalers and retailers through independent distributors and sales representatives. Plaintiff further contends that sales of Roberts products have been made in this district, both to individual consumers and to various retailers or distributors. Defendants are selling the heating pads, plaintiff alleges, under the trademark BATTLE CREEK, which mark is plaintiff's registered trademark and has been used by plaintiff or its predecessors in interest since 1912.

The parties agree that ". . . in cases of trade-mark infringement . . . the wrong takes place not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs . . . ." *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 639 (2d Cir.), *cert. denied*, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956). It is clear that since defendants' products were sold in this district, the alleged passing off occurred here. Defendants argue, however, that because such a small percentage of Roberts' business was conducted here, and because Roberts "does not own any real and/or tangible personal property . . ., does not have a bank account . . ., it is not registered to do business . . ., or has never utilized the courts" in the state of Michigan (Affidavit of Melvin Duklewski in support of motion to dismiss for improper venue, at 2), the claim should not be deemed to have arisen here.

Defendants cite *Honda Associates, Inc. v. Nozawa Trading, Inc.*, 374 F.Supp. 886 (S.D. N.Y.1974), in support of their position. That case employed a "weight of contacts" test to determine where a cause of action "arose" under § 1391(b) in a trademark infringement context. The test has also been used in a number of cases involving other types of claims. *See, e. g., Commercial Lighting Prods., Inc. v. United States Dist. Court*, 537 F.2d 1078 (9th Cir. 1976); *Kipperman v. McCone*, 422 F.Supp. 860 (N.D.Cal.1976); *British-American Insurance Co. Ltd. v. Lee*, 403 F.Supp. 31 (D.Del.1975);

*Philadelphia Housing Auth. v. American Radiator & S. San. Corp.*, 291 F.Supp. 252 (E.D.Pa.1968). The *Honda* court expressly held that the requisite contacts for venue purposes are not identical to those for purposes of attaining personal jurisdiction over a defendant. Accordingly, it was decided there that defendant's contacts were sufficient for the court to assume personal jurisdiction, but that plaintiff's "claim should not be deemed to have arisen in a district in which the defendant has had only miniscule contact . . . ." 374 F.Supp. at 892.

Several courts, however, have not followed the significant contacts approach. Specifically in reference to a trademark infringement case, the court in *Scott Paper Co. v. Scott's Liquid Gold, Inc.*, 374 F.Supp. 184 (D.Del.1974), found that "analogy to cases dealing with the question of where a libel claim arises under similar facts offers support for the conclusion that a trademark claim arises wherever the injury from the infringing advertisement occurs." *Id.* at 190 n. 6. *See J. T. McCarthy, Trademarks and Unfair Competition*, § 32:23 (1973). In more general terms, it has been recognized, contrary to the *Honda* and *Commercial Lighting* cases, *supra*, that a claim may be deemed to arise in any district where the defendant has sufficient contacts to bring him within the personal jurisdiction of the courts there. *See Stith v. Manor Baking Co.*, 418 F.Supp. 150 (W.D.Mo.1976); 1 Moore's Federal Practice ¶ 0.142[5.–2]. The following statement by Professor Moore is instructive:

This equation of the availability of compulsory process on a non-resident and proper venue under § 1391(a) would have three advantages. First it would minimize the number of instances in which a plaintiff is put to the election of foregoing protections afforded him by a state with sufficient connection with the subject matter to justify it in exercising compulsory jurisdiction over the defendant, or shifting the choice of a state or federal forum to the defendant. Second, in cases in which the defendant is sued in an inconvenient forum it would broaden

the choices available under § 1404(a) as interpreted in *Hoffman v. Blaski* [363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254]. Third, it would shift the issue in motions for transfer from the largely technical questions of which fact of perhaps many that underlie a claim marks the place at which the claim arose toward the considerations of convenience that underlie the venue concept.

Moore, *supra*, ¶ 0.142[5.–2] at 1430 (footnotes omitted).

■ In my view the latter of the two approaches set forth above is preferable, largely for the reasons cited by Moore. Defendants do not contend that personal jurisdiction over Roberts Manufacturing is lacking, and for that reason the second approach would dictate that venue is proper. Even under the "weight of contacts" test, however, it appears that sufficient reasons exist for recognizing venue in this district. Defendants' contacts with this district are far more extensive than those of the defendant in *Honda*. There, only 20 product catalogs were sent to New York in a five-year period out of 5,000 copies printed and mailed. During approximately the same period the defendant received only 3 mail orders from New York, with a total retail value of $37, which represented only 1/300 of 1 percent of its total sales during that time. These figures, moreover, represent defendant's activity in the entire state of New York, not merely the southern district. Additionally, defendant there sold all of its products in New York via mail orders, only mailed catalogs there in response to mail requests, had no retail outlets outside the west coast of the United States, and made 90 percent of its mail order sales in California, another 5 percent elsewhere on the west coast, and the remainder throughout the rest of the country. Conversely, Roberts Manufacturing's sales in this district were much greater, it made unsolicited mailings of catalogs and advertisements to consumers in the district, it sells its products through wholesale and retail dealers located here, there is no indication that a vast majority of its sales are made in some other district, and, despite statements to the contrary in Duklewski's affidavit, it maintains a telephone listing in the Battle Creek telephone directory. These contacts are more than "miniscule," to use the language of the *Honda* case, and are sufficient to place venue in this district. *See Tefal, S. A. v. Products Internat'l Co.*, 529 F.2d 495 (3d Cir. 1976).

■ Defendants imply that proper venue for this action is the district of Maryland, the location of Roberts' principal offices. The basis for the implication apparently is that Roberts' operations are conducted there, most of the witnesses it would call in defense reside there, and the allegedly infringing containers were designed and printed there. In *Idaho Potato Comm'n v. Washington Potato Comm'n*, 410 F.Supp. 171 (D.Idaho 1975), the court was faced with similar arguments. It applied the weight of contacts test by balancing those factors against the ones favoring plaintiff's choice of forum. The factors in plaintiff's favor here are that it is located in this district, the injuries resulting from the alleged infringement occurred here, and its witnesses reside here. In a situation where the contacts lie in relatively equal balance, the court in the "potato case" noted:

"Plaintiffs have chosen this forum to litigate their claims for the reason that this is the place of the wrong and it seems just and equitable to respect that choice where on balance the weight of contacts does not lie in either state and where the inconvenience to the parties is equally disadvantageous if one forum is selected over another." 410 F.Supp. at 176.

Adding to the factors listed above the fact that defendants' sales here are not miniscule, the balance tips decidedly in plaintiff's favor. I conclude that venue is proper in this court.

■ Defendants also allege that venue does not exist under § 1400(a) for plaintiff's copyright claims. That section permits suit "in the district in which the defendant or his agent resides or may be found." It is well settled that a corporation is "found" in any district in which personal jurisdiction

might be obtained over it. *Mode Art Jewelers Co. v. Expansion Jewelry, Ltd.*, 409 F.Supp. 921, 923 (S.D.N.Y.1976); *Kogan v. Longstreet*, 374 F.Supp. 47, 50–51 (N.D.Ill. 1974); *Boltons Trading Corp. v. Killiam*, 320 F.Supp. 1182, 1183 (S.D.N.Y.1970). Defendants have not argued that Roberts Manufacturing, both before and after its incorporation, has not had sufficient minimum contacts with Michigan for the courts sitting in that state to assert personal jurisdiction over it. The corporation's activities in the Western District of Michigan are clearly sufficient to give this court personal jurisdiction under the state's long-arm statute. Accordingly, the defendants can be found here for purposes of § 1400(a) and venue is proper.

(2) *Personal jurisdiction over defendant Duklewski.*

Defendant Duklewski's motion to dismiss is based upon his contention that as an officer, director, and shareholder of Roberts Manufacturing he cannot be deemed personally accountable for the actions of the corporation. Plaintiff responds to the motion by claiming that Roberts Manufacturing is merely the alter ego of Duklewski and that he must be held personally responsible in order to prevent injustice and potential future unlawful acts of the type alleged in the complaint.

■ It is black-letter law, of course, that a corporation is a separate legal entity, distinct from its shareholders, officers, or directors. Accordingly, it has been held in the Sixth Circuit that "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation." *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 929 (6th Cir. 1974). In order to establish jurisdiction over an officer, the plaintiff must show that the officer himself satisfies the requirements of a state's long-arm statute. Plaintiff here does not contend that Duklewski himself, in his capacity as an officer of Roberts Manufacturing, has sufficient contacts with Michigan to warrant the exercise of jurisdiction over him. Rather, it is alleged that

Roberts Manufacturing and Duklewski as shareholder are actually one in the same to the extent that the corporation exists only to promote Duklewski's personal interests. Plaintiff argues that under such circumstances it is appropriate to pierce the corporate veil and expose Duklewski, the shareholder, to liability.

■ It is unnecessary, however, to decide whether plaintiff's alter ego theory is correct for the purposes of this motion. Plaintiff alleges in its complaint, and supports in affidavit, that Roberts Manufacturing engaged in unlawful activity prior to its incorporation in September 1976. Duklewski purchased the company in November 1975 and continued its operation as a sole proprietorship until the 1976 incorporation. It is beyond cavil that a sole proprietor may be personally liable in a civil action of this kind. Duklewski does not contend that Roberts Manufacturing's contacts with Michigan were significantly fewer prior to incorporation so as to warrant a conclusion that personal jurisdiction does not exist. Accordingly, I find that this court has jurisdiction over Duklewski on the basis of Roberts Manufacturing's operations between his acquisition of the company in November 1975 and its incorporation in September 1976. For the same reasons I hold that service was proper and that plaintiffs' complaint states a claim against Duklewski upon which relief can be granted.

(3) *Motion to Amend Complaint.*

■ Plaintiff's amended complaint would merely shift one of the allegations in Count IV of its complaint to a new Count thereof. None of the defendants has objected. The motion for leave to file an amended complaint will be granted.