Paavo O. AIROLA, Plaintiff,

v.

Virginia KING, Barbara Farr Bassett, Norman Bassett and Bestways Magazine, Inc., Defendants.

No. CIV 79–773 PHX–EHC.

United States District Court, D. Arizona.

Oct. 10, 1980.

Levin B. Ferrin, Phoenix, Ariz., for plaintiff.

William A. Francis, Irsfeld, Irsfeld & Younger, Hollywood, Cal., Dale A. Head, Phoenix, Ariz., for defendants.

## MEMORANDUM AND ORDER

CARROLL, District Judge.

Defendants Barbara Farr Bassett, Norman Bassett and Bestways Magazine, Inc., filed a Motion to Dismiss for Improper Venue or in the Alternative to transfer to the District of Nevada Plaintiff's action brought under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

Jurisdiction of a copyright infringement action is conferred on this Court by 28 U.S.C. § 1338(a). The appropriate venue for such an action must be determined pursuant to the provisions of 28 U.S.C. § 1400(a):

(a) Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found.

Defendant Bestways is a California corporation, with its principal place of business in Nevada. It has no officers, agents or representatives in the District of Arizona, and it argues that it cannot be "found" in the District of Arizona solely because its magazines are sold and found in the state.

Defendant Barbara Farr Bassett is the editor and publisher of Bestways and Norman Bassett is the president and sole shareholder. Both are residents of the State of Nevada. Defendant Virginia King, who allegedly authored the infringing article, has not been served with process and is not a party to the motion to dismiss.

■ Venue having been challenged, Plaintiff has the burden of establishing that venue is properly in the District of Arizona. *Grantham v. Challenge-Cook Bros. Inc.*, 420 F.2d 1182, 1184 (7th Cir. 1970).

The claimed infringing article appeared in Bestways' magazine dated July, 1979, and it is uncontroverted that Bestways "has magazines in the City of Phoenix for sale in stores to the general public" and "That the magazine in which the article, which is the subject of this lawsuit, was published was purchased in Phoenix, Arizona." (Affidavit of Leven B. Ferrin)

■ Plaintiff's showing with respect to venue is directed only toward Bestways and he made no effort to establish proper venue in Arizona for Barbara Farr Bassett and Norman Bassett. Although officers of a corporation may be held liable, under certain situations, along with the corporation in a copyright matter, *Warner Bros., Inc. v. O'Keefe*, 468 F.Supp. 16, 19 (S.D.Iowa 1977), jurisdiction over such officers cannot be predicated merely on jurisdiction over the corporation.

■ The copyright venue statute, 28 U.S.C. § 1404(a), "does not require a stronger finding of presence with its reference to 'may be found' than is usually required in order to obtain jurisdiction over a corporate defendant." *Boltons Trading Corp. v. Killiam*, 320 F.Supp. 1182, 1183 (S.D.N.Y.1970). In other words, venue will properly lie in a copyright action wherever personal jurisdiction may be obtained under a state's long-arm statute. See *Edy Clover Productions, Inc. v. NBC, Inc.*, 572 F.2d 119, 120 (3d Cir. 1978); *Battle Creek Equip. Co. v. Roberts Mfg. Co.*, 460 F.Supp. 18, 21 (W.D.Mich. 1978); *United Merchants & Mfrs., Inc. v. David & Dash, Inc.*, 439 F.Supp. 1078, 1085 (D.Md.1977).

Arizona's long-arm statute "is intended to extend jurisdiction of Arizona courts to the extent permitted by the United States Constitution." *Manufacturers' Lease Plans, Inc. v. Alverson etc.*, 115 Ariz. 358, 359, 565 P.2d 864, 865 (1977). Also *Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146 n. 17 (9th Cir. 1975).

■ Plaintiff's affidavit with respect to availability of Bestways' magazines in Arizona is limited and does not establish the level of contacts noted in *Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1966). The record only reflects that some magazines are available for sale in Arizona. A similar showing was held insufficient in *Buckley v. New York Times Co.*, 338 F.2d 470, 474 (5th Cir. 1964), to allow exercise of in personam jurisdiction over a foreign corporation which distributed magazines through the mails "to subscribers and independent distributors."

Although Bestways' magazines in Arizona may have caused an act of infringement to occur here, the maintenance of this action against Bestways in the District of Arizona would offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Court therefore concludes that this Court could not exercise personal jurisdiction over Bestways consistently with due process considerations. As held in *McBride v. Owens*, 454 F.Supp. 731 (S.D.Tex.1978):

> . . . Although these defendants' sending of newspapers into Texas to subscribers or newsstands constitutes a contact with the state resulting from an affirmative and voluntary act, the court finds it would not be fair and reasonable to require them to defend this action in Texas. First amendment considerations enter into this second due process inquiry . . . and dictate this result.

Since the Court cannot exercise personal jurisdiction over defendants, it follows, perforce, that venue will not lie in this District.

IT IS THEREFORE ORDERED that defendants' Motion to Dismiss is denied.

IT IS FURTHER ORDERED that this matter be and it is hereby transferred to the District of Nevada for all further proceedings.