SECURITIES TRAINING CORP., Plaintiff,

v.

SECURITIES SEMINAR, INC., and Roy Lutzi, Defendants.

No. 84 Civ. 8984 (SWK).

United States District Court, S.D. New York.

March 20, 1986.

Robert L. Beerman, New York City, for plaintiff.

Fried, Greenbaum, Spector, Scher, Schwartz & Feldman, New York City, by Jeffrey C. Dannenberg, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Plaintiff brought this copyright infringement action pursuant to 17 U.S.C. § 501 *et seq.* Defendants have moved for dismissal of the complaint on the grounds of lack of personal jurisdiction and improper venue pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(3).

## FACTUAL BACKGROUND

Plaintiff, a New York corporation having its principal place of business in the Southern District of New York, teaches preparation courses for the securities dealer licensing examination. Defendant, Securities Seminar, Inc., a California corporation operating only in the Northern District of California, also conducts preparatory courses for these examinations. Plaintiff alleges it has copyrighted its study materials and that defendants have wilfully infringed on the copyright. Defendants state in affidavits that they have no contacts with New York, derive no revenue from interstate commerce or New York sources, and pay no New York taxes.

Plaintiff makes three arguments in favor of jurisdiction. First, plaintiff argues that defendants waived their right to assert the personal jurisdiction defense by failing to raise it promptly. Second, plaintiff argues that defendants have waived any objections to personal jurisdiction or venue because the parties received an Order of Discontinuance.[1] Third, plaintiff maintains that the Court has personal jurisdiction over the defendants through New York's long-arm statute, N.Y. CPLR § 302(a).

## DISCUSSION

### 1. *Delay in raising the defense*

■ Lack of personal jurisdiction is a defense which may be waived by "failure [to] assert [it] seasonably...." *Neirbo Co. v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165, 168, 60 S.Ct. 153, 84 L.Ed. 167 (1939).

In this case, the delay was due largely to the parties' involvement in settlement negotiations. Defendants clearly expected to settle this dispute; an earlier motion could have been premature. *Compare Lynn v. Cohen*, 359 F.Supp. 565, 566 (S.D.N.Y.1973) (nine extensions of time in which to answer not harmful delay) *with Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 997 (1st Cir.1983) (defendant waived 12(b)(2) objection, although asserted in a pre-answer motion, by participating in extensive discovery on a matter unrelated to personal jurisdiction and waiting almost four years to move for dismissal) *and Burton v. Northern Dutchess Hospital*, 106 F.R.D. 477, 481 (S.D.N.Y.1985) (same, although defense asserted in the answer). Plaintiff's failure to respond promptly to interrogatories also contributed to the delay.

Although their motion was filed ten months after initiation of this suit, the delay was not "harmful" or "subversive of orderly procedure". *Commercial Insurance Co. v. Consolidated Stone Co.*, 278 U.S. 177, 180, 49 S.Ct. 98, 99, 73 L.Ed. 252 (1929) (referring to venue objection). Thus, defendants have acted seasonably in asserting their defense.

### 2. *The Order of Discontinuance*

■ The defense of lack of personal jurisdiction may also be waived "by formal submission in a cause or by submission through conduct." *Neirbo Co.*, 308 U.S. at 168, 60 S.Ct. at 155. The Court's issuance of an Order of Discontinuance, which was not followed by settlement but by restoration of the case to the Court's docket, fails to constitute a waiver by formal submission or conduct. In arguing otherwise, plaintiff has erroneously relied upon *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714 (2d Cir.1974).

In *Tandy*, the defendant had filed a 12(b)(2) motion which was never decided because the parties entered into a settlement agreement, which was "So Ordered" by the district court judge. The defendant allegedly defaulted on the agreement and reasserted the 12(b)(2) defense. The district judge granted the motion. As described in the Second Circuit's opinion, the district judge ruled on the issue of waiver that 12(b) permits a general appearance

---

**1.** An Order of Discontinuance states that the parties have represented to the Court that a settlement has been reached. The Order closes the case and directs the parties to file a stipulation of discontinuance within 60 days of the date of the Order. The Order also gives either party the opportunity to petition the Court to restore the case to the trial calendar within 60 days of the Order. If the parties do neither, the Order ripens into a dismissal with prejudice.

without waiver of a timely 12(b) defense, *citing Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3d Cir.), *cert. denied*, 322 U.S. 740, 64 S.Ct. 1057, 322 U.S. 740 (1944) (court's extension of time to answer, as stipulated to by the parties, did not indicate that defendant had participated in the action).[2]  490 F.2d at 716. Holding that the "So Ordered" contract established consent to the Court's power over the parties, the Court of Appeals reversed.[3]

This Court's issuance of an Order of Discontinuance in the instant case differs substantially from the district court's action in *Tandy*. Here, no settlement was ever reached. This Court did not put its stamp of approval on any agreement pursuant to which power could be asserted over defendants.

### 3. *Personal Jurisdiction and Venue in Copyright Actions*

■ The Court's starting point in analyzing the issues of venue and personal jurisdiction in this action will be 28 U.S.C. § 1400(a), which states:

> Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant resides or may be found.

Courts applying section 1400(a) have almost universally treated it as the copyright venue statute. *See, e.g., Micromanipulator Co., Inc. v. Bough*, 558 F.Supp. 36, 37 (D.Nev.1982) (court treats section 1400(a) as a venue statute); *Airola v. King*, 505 F.Supp. 30, 31 (D.Ariz.1980) (court refers to section 1400(a) as the copyright venue statute); *Burns v. Rockwood Distributing Co.*, 481 F.Supp. 841, 845 at n. 1 (N.D.Ill. 1979) (section 1400(a) is in reality a venue provision); *Donner v. Tams-Witmark Music Library, Inc.*, 480 F.Supp. 1229, 1234 (E.D.Pa.1979) (court refers to section 1400(a) as the federal copyright venue statute); *Battle Creek Equipment Co. v. Roberts Mfg. Co.*, 460 F.Supp. 18, 21–22 (W.D. Mich.1978) (court treats section 1400(a) as a venue statute); *Mode Art Jewelers Co. v. Expansion Jewelry Ltd.*, 409 F.Supp. 921, 922 (S.D.N.Y.1976) (court refers to section 1400(a) as the copyright venue statute); *Geo-Physical Maps v. Toycraft Corp.*, 162 F.Supp. 141, 146 (S.D.N.Y.1958) (section 1400(a) relates to venue and not personal jurisdiction).

One court in this district, however, has stated that section 1400(a) governs both venue and personal jurisdiction in copyright actions. *Boltons Trading Corp. v. Killian*, 320 F.Supp. 1182, 1183 (S.D.N.Y. 1970). The question whether section 1400(a) is solely a venue statute or both a venue and personal jurisdiction provision is an important one. If it is solely a venue statute, a district court must look to the forum state's long-arm statute to test jurisdiction. *See* Fed.R.Civ.P. 4(e) and 4(f); *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 507 F.Supp. 1128, 1136–39 (D.Nev.1980), *aff'd.*, 705 F.2d 1515 (9th Cir. 1983) (court analyzed motion to dismiss copyright actions on grounds of lack of personal jurisdiction under state long-arm statute).[4]  If section 1400(a) is both, the

---

**2.** *Cf. Burton v. Northern Dutchess Hospital*, 106 F.R.D. 477, 480 (S.D.N.Y.1985) (judge's granting of discovery extensions at pre-trial conference was not addressed as possible waiver of personal jurisdiction).

**3.** *Cf. Fairfax Countrywide Citizens Assoc. v. Fairfax County*, 571 F.2d 1299, 1308 n. 8. (4th Cir. 1978) (only when settlement agreement is approved and incorporated into a court order may the court later enforce its own order; absent incorporation, moving party must establish independent grounds for federal jurisdiction).

**4.** There is some authority that when the parties are in federal court on a federally created right,

a federal standard of amenability to process governs, regardless of whether or not the federal statute provides for personal jurisdiction. *See, e.g., Fraley v. Chesapeake and Ohio Rwy. Co.*, 397 F.2d 1, 3–4 (10th Cir.1968). This contradicts Fed.R.Civ.P. 4(e) and 4(f), however, which when read together, provide that when a federal statute does not authorize service upon foreign defendants, the service may be made in accordance with the forum state's service of process provisions. This Court will follow Rules 4(e) and 4(f), and thus first determine whether section 1400(a) is a personal jurisdiction statute. If not, the Court will look to New York's long-arm statute to determine whether it

Court would consider the personal jurisdiction question under a federal minimum contacts standard. While the difference would not matter in circumstances where the forum state's long-arm statute extends itself to the limits permitted by the Constitution, there are circumstances when that is not the case.

The language of section 1400(a), focusing on whether actions may be brought rather than where process may be served, indicates that section 1400(a) is solely a venue statute. *Compare* 28 U.S.C. § 1391 (the general federal civil venue statute, providing in 1391(a), for example, that a diversity action "may ... be brought ..." *with* 15 U.S.C. § 78aa (the section which provides for personal jurisdiction in securities actions, which states that process may be served in any district where the defendant resides or may be found). Furthermore, Fed.R.Civ.P. 4(f) limits the power of a district court to serve process outside the state in which it sits unless it is authorized by a statute of the United States. Thus, without express authorization from Con-gress, this Court will treat section 1400(a) as a venue statute only.[5]

■ Following Rule 4(e), the Court turns to New York law to determine whether it can exercise jurisdiction over defendant. In New York, the question of personal jurisdiction over foreign corporations is governed by New York's long-arm statute, N.Y. CPLR § 302(a).[6] *See Backer v. Gonder Ceramic Arts, Inc.,* 90 F.Supp. 737 (S.D.N.Y.1950). Plaintiff has the burden of proving that this Court has jurisdiction over defendants. *Birmingham Fire Ins. Co. v. KOA Fire & Marine Ins. Co.,* 572 F.Supp. 969, 971 (S.D.N.Y.1983). Plaintiff has alleged that defendants have committed tortious acts both inside and outside of New York which are sufficient to subject them to jurisdiction under CPLR § 302.[7]

Section 302(a)(2) provides jurisdiction over a defendant who committed a tort within the state. Plaintiff alleges that defendants, in order to get plaintiff's copyrighted materials, must have committed a

---

can exercise personal jurisdiction over the defendant.

**5.** Perhaps the court in *Boltons* was confused by the fact that, as Judge Conner explained, a corporation is "found" for venue purposes under section 1400(a) in any district in which personal jurisdiction may be obtained over it. *Mode Art,* 409 F.Supp. at 922. Thus, when a foreign corporation is a defendant, as was the case in *Boltons,* the question of venue is resolved by considering whether the Court may exercise jurisdiction over the defendant. Courts have generally looked to the forum's long-arm statute in deciding whether venue is proper. *See Testa v. Janssen,* 482 F.Supp. 1195 (W.D.Pa.1980); *Battle Creek,* 460 F.Supp. at 18. This is correct, however, only when the forum state's long-arm statute extends to the full extent the Constitution allows it. Otherwise, the venue provision will be more narrowly construed than Congress intended. *See Time, Inc. v. Manning,* 366 F.2d 690, 697 (5th Cir.1966). The Court in the instant case has no need to consider this question because the Court finds that it lacks jurisdiction over the defendant. *See infra.*

**6.** CPLR § 302(a) reads:
Acts which are the basis of jurisdiction. As to a cause of action arising from any of the Acts enumerated in this section, a court may exercise personal jurisdiction over any nondomiciliary, or his executor or administrator, who in person or through an agent:
  1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
  2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
  3. commits a tortious act without the state, causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
    (i) regularly does or solicits business, or engages in any persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered, in the state or
    (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
  4. owns, uses or possesses any real property situated within the state.

**7.** The Court gave plaintiff the opportunity to supplement its motions with evidence to support its jurisdictional claims. Plaintiff filed two additional affidavits, but neither added substance to plaintiff's prior assertions. Plaintiff also has had the opportunity to engage in extensive discovery on the issue of personal jurisdiction.

tortious taking of the material in New York. Such a statement is merely a bald conclusion. Plaintiff has not substantiated this claim with any evidence, although plaintiff claims to have an investigative report bearing on the issue. In short, plaintiff has raised no inference at all that defendants committed a tortious act in New York.

Plaintiff has also failed to establish jurisdiction under section 302(a)(3), which provides jurisdiction over a defendant who commits a tort outside of this state causing injury within the state. Torts under Section 302(a)(3) include commercial torts. *See, e.g., Sybron Corp. v. Wetzel,* 46 N.Y.2d 197, 385 N.E.2d 1055, 413 N.Y.S.2d 127 (1978). Assuming that copyright infringement is a commercial tort, section 302(a)(3) requires the plaintiff to show injury in the form of loss of business in New York arising from the tort. *See Hargrave v. Oki Nursery Inc.,* 636 F.2d 897 (2d Cir. 1980); *Spectacular Promotions Inc. v. Radio Station WING,* 272 F.Supp. 734, 737 (S.D.N.Y.1967). Here, plaintiff has failed to put forth any evidence that defendants harmed plaintiff's business in New York. Nor is it likely that there is any such evidence, as defendants operate only in California. An injury does not occur in New York simply because the plaintiff does business here. *Bulova Watch Co. v. K. Hattori & Co.,* 508 F.Supp. 1322, 1346 (E.D.N.Y.1981); *Fantis v. Standard Importing Co.,* 49 N.Y.2d 317, 402 N.E.2d 122 (1980), 425 N.Y.S.2d 783.[8]

For the reasons described above, defendants' 12(b)(2) motion is GRANTED and the

12(b)(3) motion is dismissed as moot. This case is DISMISSED.

SO ORDERED.

---

8. The Court's ruling that plaintiff failed to show defendants' actions harmed it in New York is enough to deprive the Court of jurisdiction under Section 302(a)(3). The Court notes that plaintiff has failed to prove any of the other elements required to gain jurisdiction under either parts (i) or (ii) of section 302(a)(3). There is no showing that defendants regularly do business in New York or engage in any regular course of conduct here. Nor is there any evidence that the defendants would reasonably expect their alleged act of infringement to have consequences in New York or that they devise substantial revenue from interstate commerce. The affidavit of defendant Roy Lutzi indicates that SSI operates only in California, and has had no contacts with New York. Plaintiff has submitted no evidence negating this claim.

Based on the evidence before it, the Court also finds that even if it were to apply the federal minimum contacts standard as described in footnote 4, jurisdiction over defendant would fail.