**Sonia SCHUMANN, et al., Plaintiffs,**

v.

**ALBUQUERQUE CORP., Rio Broadcasting Co., Inc., Bravo Broadcasting Co. and Edward L. Gomez, Defendants.**

**Civ. No. 86–229 HB.**

United States District Court, D. New Mexico.

July 31, 1986.

Rex D. Throckmorton, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, N.M., for plaintiffs.

Ronald W. Henkel, Roehl & Henkel, A Professional Corp., Albuquerque, N.M., for Edward L. Gomez & Special Entry of appearance for Rio Broadcasting Company and Bravo Broadcasting Company for purposes of Motion to Quash Service of Process, Motion to Transfer Venue & Motion to Dismiss Albuquerque Corp.

## MEMORANDUM OPINION AND ORDER

BRATTON, Chief Judge.

This matter comes before the court on defendants, Rio Broadcasting Co. and Bravo Broadcasting Co.'s motion to dismiss and transfer venue.[1] The court, having considered the motion, reviewed the record and been apprised of the applicable authorities, concludes that the motion is not well taken and should be denied.

This action is brought for infringement of copyright. The alleged infringement by both Rio Broadcasting and Bravo Broadcasting were committed in Texas where the corporations maintain broadcasting stations. Both nonresident corporations were served through personal service on Edward Gomez in New Mexico. Gomez is vice president, chief executive officer and the major shareholder of the two Texas corporations as well as of Albuquerque Corp. He is a resident of New Mexico and he acts as the general manager of all three corporations. Although he travels to Texas in connection with his management responsibilities of the two Texas corporations, he admits that communications are regularly carried on with the businesses from Albuquerque. Affidavit of Gomez ¶ 11.

28 U.S.C. § 1400 establishes venue for federal copyrights.

1. Defendants' challenge to service of process has     been abandoned.

The statute provides in pertinent part at subsection (a):

> Civil actions, suits, or proceedings arising under any Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found.

Whether a corporation is "found" in a district for purposes of venue is controlled by considerations of due process and personal jurisdiction. *Mode Art Jewelers Co. v. Expansion Jewelry Ltd.*, 409 F.Supp. 921, 923 (S.D.N.Y.1976).

In order to assert personal jurisidiction over a foreign corporation to enforce a cause of action not arising from contacts with the forum state, the corporation must engage in systematic and continuous activity in the forum state. *Perkins v. Benguet Mining Co.*, 342 U.S. 437 (1952). Such a continuous and systematic course of conduct is established here through the offices of the nonresident companys' executive officer Gomez. Defendants do not deny that Gomez is in essence, the general manager of the corporations who oversees the day to day operation of the corporations and sets operating policy. Although he travels to Texas from time to time in connection with the two corporations, his headquarters is undisputedly in New Mexico. The nature, quality and quantity of contacts with New Mexico, as well as the convenience of the parties dictate that personal jurisdiciton and venue are properly found in this court.

Now, Therefore,

IT IS BY THE COURT ORDERED that defendants' motion to dismiss or change venue is denied.