**Decided April 15, 1987**

UNITED STATES DISTRICT COURT FOR
THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HERMINE FUJURO MISCH, on behalf of KANSIANO MISCH, as well as on behalf of his dependents and family, | CIVIL ACTION NO. 85-0023 |
| Plaintiff, | |
| vs. | DECISION AND ORDER |
| ZEE ENTERPRISES, INC., TUNA CLIPPERS, INC., CASAMAR GUAM, INC., LAURA ANN PARTNERSHIP, ADRIATIC SEA PARTNERSHIP, LAWRENCE ZUANICH, DOES I thru V, Individuals and Partners, ROE CORPORATION I thru V, | F I L E D<br>Clerk<br>District Court<br><br>APR 15 1987<br><br>For The Northern Mariana Islands<br>By _____ |
| Defendants. | |

Defendants Laura Ann Partnership and Lawrence Zuanich moved the Court, pursuant to 28 United States Code Section 1406(a), to dismiss the above- entitled action for improper venue. The motion was made on the grounds that plaintiff had failed to allege that any appearing defendant resided or maintained its principal office within the Commonwealth of the Northern Mariana Islands ("CNMI"). The Court held a hearing on the motion on April 3, 1987, and granted the motion to dismiss. This decision and order explains the Court's ruling.

1113

The facts in this case are as follows. Plaintiff's husband, Kansiano Misch ("Misch") worked as an unloader of tuna. During the early part of December, 1983, the M/V Laura Ann, a tuna fishing vessel, docked at San Jose Harbor in Tinian, after returning from a fishing trip. Misch and other unloaders then began discharging the tuna from the M/V Laura Ann. The vessel was unloaded in approximately three to four days, the last of the tuna being unloaded from the M/V Laura at approximately 1:30 p.m. on December 11, 1983. The unloaders were then discharged.

During the late evening of December 11, Misch and his cousin Subert Augustin, a fellow unloader, apparently became involved in a dispute while drinking at a club. Sometime after the dispute, Misch returned to the M/V Laura Ann. During the early morning hours of December 12, 1983, as Misch lay sleeping in the passageway of the vessel, Augustin allegedly struck Misch repeatedly about the head and neck with a fire axe. Misch died as a result of the wounds.

Plaintiff brought suit against a large number of defendants, although only defendants Laura Ann Partnership and Lawrence Zuanich have appeared. Plaintiff's theories of recovery appear to be based on the Jones Act (46 U.S.C. §688), the doctrine of unseaworthiness, and common law maritime negligence. In an earlier motion to dismiss by defendants, this Court, in its Decision and Order filed October 29, 1986, noted that dismissal

1114

would be warranted, as there had been no showing that venue was proper within the meaning of 46 U.S.C. §688(a). This Court gave plaintiff twenty days to file an amended complaint that complied with the venue requirements of Sub-section 688(a). Plaintiff filed her First Amended Complaint on November 18, 1986.

Sub-section 688(a) provides, in part, that jurisdiction in actions pursuant to that Section shall be under the court of the district in which the defendant employer resides or in which his Principal office is located. The term "jurisdiction" in Sub-section 688(a) has been interpreted to refer only to venue. Pure Oil Company v. Suarez, 384 U.S. 202, 86 S.Ct. 1394, 1395, 16 L.Ed.2d 474 (1966). The venue provision of Section 688 is controlling even when an action under Section 688 is filed in conjunction with a claim of unseaworthiness. Leith v. Oil Transport Company, 321 F.2d 591, 592 (3rd Cir. 1963).

Plaintiff's First Amended Complaint fails to comply with the venue requirements of Sub-section 688(a). Paragraph 3 of plaintiff's complaint states that "defendants are agents for each other, and each of them, and at all material times are foreign entities doing business in Tinian, CNMI. The vessels named at all material times were engaged in foreign commerce." Plaintiff fails to allege that any of the defendants who might have been the decedent's employer reside in the CNMI or maintain

1115

a principal office in .the CNMI, as required by Sub-section 688(a).

This Court, in its Decision and Order of October 29, 1986, allowed plaintiff twenty days to file an amended complaint that complied with the venue requirements of Sub-section 688(a). The First Amended Complaint fails to comply with this Court's earlier order. There are no allegations that any of Misch's possible employers reside in the CNMI or maintain a principal office in the CNMI. Paragraph 3 only alleges that the defendants are foreign entities doing business at Tinian.

Once a defense of improper venue has been raised by a defendant, the plaintiff bears the burden of providing the facts necessary to establish proper venue. Airola v. King, 505 F.Supp. 30, 31 (D.Ariz 1980). See, Wright and Miller, Federal Practice and Procedure: Civil, Section 1352, p.570 (1969). Plaintiff's allegation that the defendants were "doing business" within the CNMI, unsupported by any evidence that any of the defendants resides or maintains its principal office in the CNMI, fails to meet this burden.

In her opposition to defendant's motion, plaintiff cites Penrod Drilling Company v. Johnson, 414 F.2d 1217 (5th Cir. 1969), for the proposition that a partnership should be treated the same as a corporation for venue purposes. However, the partnership in the Penrod case was vastly different from the

1116

partnership in the case at bar.  In the _Penrod_ case, the Fifth Circuit noted that the partnership concerned was a big business, employing over 700 people, with 25 drilling rigs, and the partnership operated in at least three states.  _Penrod_, _supra_ at 1223.  The Court held that the partnership in the _Penrod_ case was such a large business entity that it should be treated the same as a corporation.

The partnership in the case at bar is very different from the partnership in the _Penrod_ case.  The Laura Ann Partnership consists of two partners.  The partnership's sole asset is its vessel, the M/V Laura Ann.  The partnership's only connection with the CNMI is that the M/V Laura Ann occasionally docks in Tinian for the purpose of transshipment of its cargo.  While it was arguably fair in the _Penrod_ case to treat that partnership, composed of Lamar Hunt and trust for three of his children, including Nelson Bunker Hunt, as a corporation, there are no such facts that would justify treating defendant Laura Ann Partnership as a corporation.

The Court, having considered the memoranda and argument of counsel, it is determined that defendant's motion to dismiss should be granted.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that defendant's motion to dismiss is granted.  Judgment shall be issued forthwith.

SO ORDERED this 15th day of April , 1987.

SEAL Alfred Laureta
ALFRED C. LAURETA, JUDGE
District Court Of The Northern
Mariana Islands

(4922C)

1118