Evelyn Gray-Lewis, Respondent, v. Colin Gray-Lewis, Defendant, and Marjorie L. Craig, Appellant.

First Department, March 11, 1958.

*Vivian Flamhaft* for appellant.

*B. Hoffman Miller* of counsel (*Jacob D. Fuchsberg*, attorney), for respondent.

STEVENS, J. This is an appeal by codefendant in a matrimonial action from so much of an order of Special Term which held that service upon her was valid with respect to the second cause of action of the complaint.

Plaintiff and defendant Colin Gray-Lewis were married in Indiana in 1927. The parties thereafter moved to New York, where they separated in 1950. In 1951 they entered into a separation agreement, and later in that year defendant obtained a Nevada decree of divorce in an action in which plaintiff did not appear. In 1955 the defendant married the defendant-appellant in Nevada and they have since resided and continue to reside in Connecticut as husband and wife.

On October 8, 1956, plaintiff instituted the present action. The amended complaint asserts three causes of action. The first cause of action seeks to have plaintiff declared to be the wife of the defendant and the second cause seeks an annulment of the marriage of the defendant and the defendant-appellant. The third cause, to nullify the 1951 separation agreement, is against the defendant husband only.

Defendant-appellant was served personally with process in Connecticut, where she resides. She appeared specially and moved to contest the jurisdiction of the court on the ground that the service was insufficient, improper and invalid and beyond the scope of sections 232 to 235 of the Civil Practice Act. Special Term granted the motion with respect to the first cause of action; but as to the second cause held that the action was properly brought by the plaintiff pursuant to sections 1134 and 1165-a (subd. 3) of the Civil Practice Act. Since the plaintiff might maintain this action against the defendant Colin Gray-Lewis, the court felt that service on defendant-appellant was valid and therefore it had jurisdiction in rem over the marital status of the defendants. Defendant-appellant appeals from that holding of Special Term. We are of the opinion that Special Term was in error as to the second cause of action.

The language of section 232 of the Civil Practice Act provides that an order for service by publication may be made " Where the complaint demands judgment annulling a marriage " and section 235 provides, in part, that " A defendant in any case specified in section two hundred thirty-two, or a defendant

domiciled in the state, may be served with the summons without an order, without the state in the same manner as if such service were made within the state ''. Those sections, however, depend for their validity in application upon domicile or the existence of something within the State upon which the State may predicate its authority, and which warrants the extension of its power to those beyond its borders. They cannot, under the circumstances shown, apply to appellant who is a domiciliary of Connecticut and was never domiciled in New York. (See, also, Eleventh Annual Report of N. Y. Judicial Council, 1945, pp. 191–220; Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 58, 59.)

Section 1134 of the Civil Practice Act states that '' An action to annul a marriage upon the ground that the former husband or wife of one of the parties was living, the former marriage being in force, may be maintained by either of the parties during the life-time of the other, or by the former husband or wife ''. But that section cannot confer jurisdiction over a non-resident who is not otherwise amenable to process. The marriage status of the defendants, so far as the appellant is concerned, was never within the realm of the judicial power of this State. '' The *status* must, undoubtedly, yield in case it was created through means hostile to the law of this state.'' (*Hubbard* v. *Hubbard*, 228 N. Y. 81, 87.) But if that eventuality occurred it would be by virtue of the jurisdiction this State has over the marital *res* of the plaintiff and defendant Colin Gray-Lewis and its jurisdiction over Colin Gray-Lewis (*Milliken* v. *Meyer*, 311 U. S. 457), rather than by the creation or adoption of a doctrine of resulting consequences as a basis for original jurisdiction.

The instant case is readily distinguishable from *Holmes* v. *Camp* (219 N. Y. 359) upon which respondent relies. That case was a stockholder's action brought against the directors of a foreign corporation for procuring a fraudulent transfer to themselves of the stock of a domestic corporation then held by the foreign corporation. The court held that in the absence of some statutory provision the interest in the capital stock of a domestic corporation is property having its situs in the State where the corporation is organized or located; that it had jurisdiction of the property and was attempting to determine its ownership; and that the presence of the foreign corporation as a formal party was necessary to the complete disposition of the case and the accomplishment of justice. The presence of the defendant-appellant here is not essential to a complete disposition of this case, nor was there here the creation by or

within the State of the instrumentality from which the interest, or in this case the *res,* sprang.

Subdivision 3 of section 1165-a of the Civil Practice Act affirms the right of a party to maintain an action for annulment '' Where the parties were married without the state, and either the plaintiff or the defendant is a resident of the state when the action is commenced, and has been a resident thereof for at least one year continuously any time prior to the commencement of the action.'' This section clearly applies where the marital *res* is that of the plaintiff and his or her spouse. This view finds support in subdivision 1 of section 1165-a, which declares another condition for the maintenance of an action for annulment to be '' *Where both* parties are residents of the state when the action is commenced.'' (Emphasis supplied.)

Section 1165-a cannot serve to confer jurisdiction over the person of a third party such as the appellant, who is a stranger to the proceeding, does not live within the State, whose marriage was not consummated here, and where the third party and the claimed offending spouse never lived together in the State of New York as man and wife. To hold otherwise is to give to the statute a construction which would render it unconstitutional insofar as the defendant-appellant is concerned. (McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 94 *et seq.*)

The order appealed from should be modified on the law so as to grant the motion in its entirety and as so modified should be affirmed, with costs to the appellant.

VALENTE, J. (concurring). I concur but additionally would rest the decision on the in personam nature of an action to annul a subsequent marriage brought by a former husband or wife pursuant to section 1134 of the Civil Practice Act. Such an action is not the traditional annulment suit where the litigants are the parties to the allegedly void marriage. In effect, a suit by a former husband or wife to annul a subsequent marriage of his or her spouse partakes of the nature of an action for declaratory judgment — seeking a declaration of the invalidity of the later marriage. Hence, the jurisdictional prerequisites for maintaining an action for declaratory judgment would be equally applicable to this type of action to annul a marriage. The provisions of sections 232 and 235 of the Civil Practice Act, would have relevance to the conventional actions for annulment involving the parties to the marriage. However, the same considerations which impelled Special Term to dismiss the first cause of action in the complaint for declaratory judgment would require a dismissal of the second cause of action because

of its essential similarity to a suit for declaratory judgment as to the invalidity of the subsequent marriage. Failure to effect personal service in this State, therefore, was a jurisdictional defect requiring a dismissal of the second cause of action.

BOTEIN, P. J., MCNALLY and BERGAN, JJ., concur with STEVENS, J.; VALENTE, J., concurs in result in opinion.

Order so far as appealed from unanimously modified on the law so as to grant the motion to set aside service of the supplemental summons and amended complaint in its entirety, and, as so modified, affirmed, with $20 costs and disbursements to the appellant.