OPINION OF THE COURT
Cooke, J.
We hold that, in the absence of "minimum contacts”, New York courts have no jurisdiction over the nonresident second wife of a deceased husband, where the first wife seeks to obtain a declaration as to the validity of the first marriage.
*272 Plaintiff Ann Carr, a resident of New York, alleges that she married decedent Paul Carr in Nevada on November 16, 1956. The couple lived in a number of marital abodes in various countries incidental to Paul’s tenure with the United States Foreign Service. In 1965 Ann, citing the harsh treatment she received at the hands of her husband, departed the marital residence in Honduras and returned to the United States, ultimately settling in New York. Some two years after Ann’s departure, Paul obtained an ex parte Honduran divorce on the ground of abandonment.
Defendant Barbara Carr has resided in California continuously since 1962. She claims that she and Paul Carr were joined in matrimony in Nevada on December 3, 1974. During the relevant time frame, Barbara had no contacts with New York State. When Paul died in 1975, Barbara applied for survivor benefits furnished by the Foreign Service Retirement and Disability System. Learning of this, plaintiff Ann Carr commenced this action to invalidate the Honduran divorce and to declare her the lawful surviving spouse of Paul. Of course, this controversy is between Ann and Barbara, and any adjudication of their respective rights will be effectual only if Barbara is bound by the judgment.
Special Term, in its opinion granting defendant’s motion to dismiss, found no basis for the exercise of jurisdiction over Barbara Carr. The Appellate Division reversed, but it is unclear whether that court upheld in rem jurisdiction, in personam jurisdiction, or both. The thrust of the Appellate Division opinion is that the balance of "conveniences” between New York and other possible forums tip evenly, and that New York possesses an interest in adjudicating the marital rights of its domiciliary, Ann Carr. Based upon this analysis, the Appellate Division sustained the purported exercise of jurisdiction. We now reverse that determination.
Status adjudications enjoy a rather unique place in our jurisprudence. Long ago the notion developed that a divorce proceeding is an action in rem (2 Bishop, Marriage and Divorce [4th ed], § 164), with the marital status of the parties being fictitiously deemed an intangible res (Geary v Geary, 272 NY 390, 399). While the analytical value of the in rem label has been questioned (see, e.g., Williams v North Carolina, 317 US 287, 297), status adjudications nonetheless possess a different quality than that of the typical in personam action (see, e.g., Estin v Estin, 334 US 541, 546-549). However *273 ultimately classified, the principles of divorce jurisdiction are of ancient origin but enduring validity.[1] There is apparently no disagreement as to the nature of these general principles.
A basic maxim in this area, not to be disputed at this late date, is that divorce jurisdiction may be exercised only when at least one of the parties to the marriage is domiciled in the State (see, e.g., Geary v Geary, supra, p 399; Senor v Senor, 272 App Div 306, 310-311, affd 297 NY 800; Matter of Petersen, 192 Misc 243, 244-245). So fundamental is the domicile requirement that it is a constitutional prerequisite to the recognition of a divorce decree under the full faith and credit clause (US Const, art IV, § 1; see, e.g., Sosna v Iowa, 419 US 393, 407; Williams v North Carolina, 325 US 226, 229; see, also, Alton v Alton, 207 F2d 667). This is not to say, of course, that in personam jurisdiction would be an insufficient predicate for a status adjudication in all circumstances (cf. Whealton v Whealton, 67 Cal 2d 656). But surely the alteration of a party’s status in the absence of both recognized forms of jurisdiction would amount to a gross injustice.
That is precisely the situation here.[2] Defendant Carr is not a New York domiciliary, and the other party to the marriage, Paul Carr, is deceased. Nor does Ann Carr’s status as a domiciliary of this State provide any basis for asserting jurisdiction over Barbara. The fiction of the marital res, with the consequence that it provides the predicate for in rem jurisdiction, however useful and appropriate it may be during the joint lives of the husband and wife, ceases to have an vitality or legal substance after the death of either husband or wife. Thereafter, save possibly in some unusual case, the only *274 issues to be litigated are those concerning property rights. Any determination described as relating to the marital status of the parties can no longer have any meaning with respect to the interpersonal relations of the parties to the marriage, but can only serve as an intermediate step en route to some adjudication of property rights. It is precisely for such an objective that a declaration is sought in this action as to the invalidity of the Honduran divorce obtained by Paul from Ann. No case is brought to our attention, however, in which the marital res has been recognized, following the death of one of the parties to the marriage, as sufficient to provide a jurisdictional basis for an in rem adjudication binding on third parties over whom the forum court has no in personam jurisdiction.
Plainly, the absence of any contact between defendant and New York is an obstacle to the exercise of personal jurisdiction. If defendant had even a minimal relationship with the State, there is little doubt that jurisdiction in this declaratory judgment action could be sustained (see, e.g., International Shoe Co. v Washington, 326 US 310, 316). As the record reveals, however, Barbara Carr has engaged in no activity in New York, and certainly has not "purposefully derive[d] benefit[s] from any activities relating to” the State of New York (Kulko v California Superior Ct. 436 US 84, 96). To uphold in personam jurisdiction in such a case would be to ignore the restraints, however limited they may be in this modern era, imposed by the due process clause.
Accordingly, the order of the Appellate Division should be reversed, without costs, and the action should be dismissed.

. There is little doubt but that the classical concepts of divorce jurisdiction survive the recent decision in Shaffer v Heitner (433 US 186). As the Supreme Court stated "[w]e do not suggest that jurisdictional doctrines other than those discussed in text, such as the particularized rules governing adjudications of status, are inconsistent with the standard of fairness” (Shaffer v Heitner, supra, at p 208, n 30).

. We recognize, of course, that the present case is not a traditional status suit. Typically, a status action would be one seeking to terminate or to declare void an existing marriage. In such a case, there is no doubt at the commencement of the action that a marriage exists to serve as the jurisdictional res. Here, by contrast, since plaintiff seeks a determination as to the validity of the marital res, the existence of the jurisdictional predicate is the very question to be resolved by the litigation (cf. New York Life Ins. Co. v Dunlevy, 241 US 518). It may be argued, therefore, that declaratory judgment actions such as the instant one may not be maintained absent personal jurisdiction of the defendant (see Gray-Lewis v Gray-Lewis, 5 AD2d 238, 241-242 [Valente, J., concurring]). In view of our disposition of the appeal, however, this problem need not be addressed at the present time.