OPINION OF THE COURT
James F. Niehoff, J.
This is an action for a divorce pursuant to subdivision (5) of section 170 of the Domestic Relations Law. On August 31, 1977 a judgment of separation was granted by the Supreme Court, Nassau County, in favor of the plaintiff against the defendant which judgment forms the predicate for the divorce action.
In addition to a judgment of divorce the plaintiff, in her complaint, seeks a de nova determination as to the amount of support and maintenance to be awarded her and the infant issue of the marriage.
The divorce action was commenced by the personal service of a summons upon the defendant in the State of Pennsylvania. Although the defendant acknowledges that this court “may have the power to grant a divorce between a resident plaintiff and a non-resident defendant” he contends that this court does not have long-arm jurisdiction over him for alimony and child support obligations. Accordingly, he has pleaded by way of a first affirmative defense *547 “that this Court does not have personal jurisdiction over the defendant John R Crofton.” By the instant motion, the plaintiff seeks to strike said first affirmative defense.
THE FACTS
There is no dispute with regard to the pertinent facts. The plaintiff and defendant were married on November 12, 1955 in West Hempstead, New York and lived together as husband and wife continuously in this State for about 22 years prior to the institution of the separation action in 1977. The plaintiff was granted a judgment of separation on August 31, 1977 and has continued to reside in the marital residence up to the present time. Since September, 1977, the defendant has lived and worked in the State of Pennsylvania. There is no provision in the judgment of separation whereby the court retained jurisdiction over the defendant.
THE CONTENTIONS OF THE PARTIES
Defendant’s contention, as summed up on his brief, is that “Plaintiff has failed to prove that defendant has at least minimal contacts with the State of New York sufficient to vest this Court with personal jurisdiction over defendant.” In other words, he maintains that CPLR 302 (subd [b]) does not apply to the case at bar.
The plaintiff, on her part, claims that the first affirmative defense must be stricken because CPLR 302 (subd [b]) is constitutional on its face and as applied to the facts in the case at bar.
THE LAW
CPLR 302 (subd [b]) reads as follows: “Personal jurisdiction over non-resident defendant in matrimonial actions or family court proceedings. A court in any matrimonial action or family court proceeding involving a demand for support, alimony, maintenance, distributive awards or special relief in matrimonial actions may exercise personal jurisdiction over the respondent or defendant notwithstanding the fact that he or she no longer is a resident or domiciliary of this state, or over his or her executor or adminis *548 trator, if the party seeking support is a resident of or domiciled in this state at the time such demand is made, provided that this state was the matrimonial domicile of the parties before their separation, or the defendant abandoned the plaintiff in this state, or the obligation to pay support, alimony, maintenance, distributive awards or special relief in matrimonial actions accrued under the laws of this state or under an agreement executed in this state.”
The plaintiff argues that a review of the facts set forth above malees it evident that CPLR 302 (subd [b]) applies to this case.
As noted above, the parties were married and lived in New York as husband and wife in this State for almost 22 years. The plaintiff was granted a judgment of separation in New York and she still continues to reside in the marital residence to this day. In addition, the obligation to pay support and alimony accrued under the laws of the State of New York.
The defendant’s claim that such facts are not sufficient to acquire long-arm jurisdiction under CPLR 302 (subd [b]) for the purpose of determining alimony and child support payments rests primarily upon the cases of Kulko v California Superior Ct. (436 US 84) and Carr v Carr (46 NY2d 270). However, a reading of those cases reveals that the factual situations therein were quite different from that of the present case, and the court is satisfied that the holdings of those cases do not apply to the instant case.
The United States Supreme Court tells us that the existence of personal jurisdiction “depends upon the presence of reasonable notice to the defendant that an action has been brought, Mullane v. Central Hanover Trust Co., 339 U. S. 306, 313-314 (1950), and a sufficient connection between the defendant and the forum State to make it fair to require defense of the action in the forum. Milliken v. Meyer, 311 U. S. 457, 463-464 (1940)” (Kulko v California Superior Ct., supra, p 91). In determining whether a sufficient connection exists the court should apply the test set forth in the case of International Shoe Co. v Washington (326 US 310, 319), which is essentially “whether the ‘quality and nature’ of the defendant’s activity [in the forum state] *549 is such that it is ‘reasonable’ and ‘fair’ to require him to conduct his defense in that State” (Kulko v California Superior CL, supra, p 92).
In Kulko v California Superior CL (supra, p 92), the Supreme Court reminds us that “Like any standard that requires a determination of ‘reasonableness,’ the ‘minimum contacts’ test of International Shoe is not susceptible of mechanical application; rather, the facts of each case must be weighed to determine whether the requisite ‘affiliating circumstances’ are present. Hanson v. Denckla, 357 U. S. 235, 246 (1958). We recognize that this determination is one in which few answers will be written ‘in black and white. The greys are dominant and even among them the shades are innumerable.’ Estin v. Estin, 334 U. S. 541, 545 (1948).”
CONCLUSION
The court is convinced that the defendant John R Crofton has had more than the necessary minimal contacts with the State of New York to permit this court to entertain a de nova determination of alimony and child support payments and that in so doing this court will not offend traditional notions of fair play and substantial justice. Certainly, this court has an abiding interest in those of the Crofton family unit who remain as domiciliaries and they should not be cut off because Mr. Crofton prefers another climate. Thus, it is the decision of the court that the application of CPLR 302 (subd [b]) to the facts of this case satisfies the mandate of constitutional due process. (See Paparella v Paparella, 74 AD2d 106, 112 [Moule, J., concurring] ). Consequently, the plaintiff’s motion to dismiss the first affirmative defense should be granted.