BARBARA KAY S. ROBINSON v. GARY A. ROBINSON

No. 8120DC670

(Filed 6 April 1982)

**Divorce and Alimony § 1— jurisdiction in action for permanent alimony**

    In an action in which plaintiff sought divorce from bed and board and permanent alimony, the trial court properly found it had jurisdiction over defendant under G.S. 1-75.4(12) since defendant was married in North Carolina, he and plaintiff resided as husband and wife in North Carolina, and defendant's alleged abandonment of plaintiff was an act occurring within the State.

APPEAL by defendant from *Huffman, Judge.* Judgment entered 29 January 1981 in District Court, MOORE County. Heard in the Court of Appeals 3 March 1982.

Defendant appeals from the denial of his motion to dismiss for lack of jurisdiction.

Plaintiff and defendant were married on 29 October 1978 in Moore, County, North Carolina. On or about 25 June 1979, defendant removed himself from North Carolina to Naples, Florida. He filed a petition for dissolution of marrige in Hendry County, Florida, on 27 December 1979. Plaintiff was not personally served. The action was dismissed by the court, as was a subsequent motion for annulment filed by defendant in Pineallas County, Florida.

On 29 January 1980, plaintiff filed an action in North Carolina, alleging that defendant had abandoned her and rendered her life burdensome and intolerable. She sought divorce from bed and board, permanent alimony, and an injunction against defendant's filing in Florida courts for a divorce. The summons and verified complaint were personally served on defendant on 14 February 1980.

On 14 February 1980, defendant filed an action for absolute divorce in Collier County, Florida, on the grounds of an irretrievably broken marriage. He attempted service on plaintiff by publication. On 28 March 1980, defendant was granted a final judgment of divorce.

On 14 April 1980, defendant moved to dismiss plaintiff's North Carolina action on the grounds of lack of subject matter and personal jurisdiction. The court denied defendant's motion.

*David G. Crockett, for plaintiff appellee.*

*Seawell, Robbins, May and Rich, by P. Wayne Robbins, for defendant appellant.*

VAUGHN, Judge.

Defendant's only assignment of error is whether the court erred in finding the defendant was subject to the jurisdiction of the North Carolina Courts.

Although the argument is not grounded in an assignment of error, defendant attempts to argue that plaintiff's present claim should have been asserted as a compulsory counterclaim in the divorce action he started in Florida on 27 December 1979. In the first place, there was never personal service on plaintiff in that action. Second, the record fails to disclose that the action was pending at the time plaintiff started the present action. For these reasons, among others, the argument is without merit.

Although plaintiff has the right to bring her present action for alimony, pursuant to G.S. 50-11(d), North Carolina cannot render a valid alimony judgment against defendant unless it has personal jurisdiction over him. *Fleek v. Fleek,* 270 N.C. 736, 155 S.E. 2d 290 (1967). Defendant asserts that any exercise of jurisdiction over his person, pursuant to G.S. 1-75.4, violates the due process clause of the Fourteenth Amendment. We disagree.

Our Supreme Court has interpreted our long-arm statute as asserting personal jurisdiction over non-resident defendants to the full extent permissible under federal due process. *Dillon v. Funding Corp.,* 291 N.C. 674, 231 S.E. 2d 629 (1977). There is a twofold inquiry. We must first determine whether the North Carolina statute permits jurisdiction over this particular defend-

ant. The second inquiry is whether the exercise of jurisdiction will violate due process. *Hankins v. Somers*, 39 N.C. App. 617, 251 S.E. 2d 640, *cert. denied*, 297 N.C. 300, 254 S.E. 2d 920 (1979).

G.S. 1-75.4(12) provides that North Carolina has personal jurisdiction "[i]n any action under Chapter 50 that arises out of the marital relationship within this State, notwithstanding subsequent departure from the State, if the other party to the marital relationship continues to reside in this State." The present parties were married in North Carolina, and plaintiff continues to reside in the State. Furthermore, an action for alimony based on abandonment is considered a claim of "injury to person or property" under G.S. 1-75.4(3). *Brown v. Brown*, 47 N.C. App. 323, 267 S.E. 2d 345 (1980). The court, therefore, properly concluded that North Carolina's statute permits jurisdiction over defendant.

Due process requires minimum contacts with the State such that maintenance of the suit will not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The present defendant was married in North Carolina. He and plaintiff resided as husband and wife in North Carolina. Defendant's alleged abandonment of plaintiff was an act occurring within the State. We conclude that the "minimum contacts" test has been satisfied.

The court properly denied defendant's motion to dismiss.

Affirmed.

Chief Judge MORRIS and Judge HEDRICK concur.