ANDREA YORK, APPELLANT, V. LESLIE YORK, JR., APPELLEE.
367 N.W.2d 133

Filed May 10, 1985.   No. 84-236.

Kevin Ruser, for appellant.

No appearance for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

HASTINGS, J.

This is an appeal from a holding by the district court that it had not acquired personal jurisdiction of respondent in a marriage dissolution case under the provisions of Neb. Rev. Stat. § 25-536 (Cum. Supp. 1984). We reverse and remand.

Petitioner, a resident of Scotts Bluff County for 38 years, brought this action for dissolution of marriage against her husband, the respondent. At the time this action was filed in October of 1983, respondent was, and since December of 1982 had been, absent from the state. He was served personally with summons in Fruitland, Idaho. Respondent neither answered nor appeared in any of the proceedings.

According to the testimony of the petitioner, she and the respondent were married in Nebraska in November of 1965 and lived together in Nebraska until he left in 1982. Five children, ranging in age from 4 to 19 years, were born of that marriage. The parties own a house located in Melbeta, Nebraska, which is worth $15,000, or approximately what is owed on it. There is no evidence that respondent has been making any payments on the house or for the support of his family.

Section 25-536 provides in part: "A court may exercise personal jurisdiction over a person: . . . (2) Who has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States."

The narrow question presented is whether § 25-536 provides for in personam jurisdiction over a presently nonresident party to a marriage dissolution action when Nebraska was the last place of marital domicile and the former spouse and all children still reside in Nebraska.

It is quite apparent from the language of the section, "to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States," that it was the intention of the Legislature to provide for the broadest allowable jurisdiction over nonresidents.

The relevant restriction on a state's power to obtain in personam jurisdiction is twofold: (1) That the defendant be given adequate notice; and (2) That the defendant be subject to the personal jurisdiction of the court. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980).

In the present case there is no question of adequate notice, as the defendant was personally served at his place of employment in Idaho. The remaining question is whether the defendant maintained sufficient "minimum contacts" with the State of Nebraska so as to subject himself to the jurisdiction of its courts. See *Internat. Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945).

In *World-Wide Volkswagen, supra*, the U.S. Supreme Court divided the concept of minimum contact into two distinguishable functions: "It protects the defendant against the burdens of litigating in a distant or inconvenient forum. And it acts to ensure that the States, through their courts, do not reach out beyond the limits imposed on them by their status as coequal sovereigns in a federal system." *Id*. at 292. In a more recent case, *Insurance Corp. v. Compagnie des Bauxites*, 456 U.S. 694, 102 S. Ct. 2099, 72 L. Ed. 2d 492 (1982), the Court relaxed its reliance on the federalism argument and stated:

> The restriction on state sovereign power described in *World-Wide Volkswagen Corp.*, however, must be seen as ultimately a function of the individual liberty interest preserved by the Due Process Clause. That Clause is the only source of the personal jurisdiction requirement and the Clause itself makes no mention of federalism concerns.

*Id*. at 703 n.10.

As a result, the focus is on the defendant and whether it is fair to require him to litigate in a state that is not his residence. "Thus the test for personal jurisdiction requires that 'the

maintenance of the suit . . . not offend "traditional notions of fair play and substantial justice." ' "*Insurance Corp., supra* at 702-03, quoting *Internat. Shoe, supra.*

A number of jurisdictions have decided this issue. The majority have found that it *is* consistent with due process to allow a court in personam jurisdiction over a nonresident party to a divorce action when the forum state was the place of last marital domicile. See, *Plucker v. Plucker*, 338 N.W.2d 842 (S.D. 1983); *Varney v. Varney*, 222 Kan. 700, 567 P.2d 876 (1977); *Bunker v. Bunker*, 261 Ark. 851, 552 S.W.2d 641 (1977); *Crofton v. Crofton*, 106 Misc. 2d 546, 434 N.Y.S.2d 116 (1980); *Ex parte Brislawn*, 443 So. 2d 32 (Ala. 1983); *Robinson v. Robinson*, 56 N.C. App. 737, 289 S.E.2d 612 (1982). See, also, R. Casad, Jurisdiction in Civil Actions ¶ 9.02[4][a] (1983).

The U.S. Supreme Court made it clear in *Kulko v. California Superior Court*, 436 U.S. 84, 98 S. Ct. 1690, 56 L. Ed. 2d 132 (1978), that the mere presence of one party in a state along with the children of the parties is not enough to obtain in personam jurisdiction over the nonresident party.

> "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. . . . [I]t is essential in each case that there be some act by which the defendant purposefully avails [him]self of the privilege of conducting activities within the forum State . . . ."

*Id.* at 93-94, quoting *Hanson v. Denckla*, 357 U.S. 235, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 (1958).

In *Kulko*, New York was the marital residence of the parties. It had been such for some 13 years. The parties separated and the wife moved to California. The children remained with the father in New York until some 2 to 4 years later, when the children voluntarily moved to California. The wife maintained an action in California relating to divorce proceedings. The California courts rejected the husband's objection to jurisdiction. In reversing, in addition to the language earlier quoted, the U.S. Supreme Court made the following interesting comment:

> Finally, basic considerations of fairness point decisively in favor of appellant's [husband's] State of domicile as the

proper forum for adjudication of this case, whatever the merits of appellee's underlying claim. It is appellant who has remained in the State of the marital domicile, whereas it is appellee who has moved across the continent.

*Id*. at 97.

In the instant case there is no unilateral, arbitrary action by the plaintiff. Rather, it is the unilateral action of the defendant, by moving to another state and leaving behind his five children and his wife of 17 years, that causes the problem. The parties resided together as husband and wife for 17 years in the State of Nebraska. That would seem to be a privilege of which Mr. York availed himself and, as determined by most jurisdictions, is substantial enough to be a minimum contact with the state once he has departed.

The court did acquire in personam jurisdiction of the respondent, and the cause is reversed and remanded to the district court for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.