**THOMAS JACKSON PUBLISHING, INC., Plaintiff,**

v.

**Gerald Martin BUCKNER, et al., Defendants.**

**No. CV 84–0–630.**

United States District Court, D. Nebraska.

Aug. 12, 1985.

Ron Ellis, E. Robert Newman, P.C., Omaha, Neb., for plaintiff.

Allen E. Daubman, McGill, Koley, Omaha, Neb., for BGO and CBS.

Laura V. Jones, New York City, for CBS.

## ORDER

BEAM, District Judge.

This matter is before the Court upon the motion of defendants Gerald Martin Buckner and Gary Lee Garcia to dismiss the amended complaint (filing 22). Specifically, defendants seek dismissal for lack of personal jurisdiction, *Fed.R.Civ.P.* 12(b)(2), and for improper venue, *Fed.R.Civ.P.* 12(b)(3).

As against defendants Buckner and Garcia, the amended complaint alleges infringement of plaintiff's federally registered copyrights to a musical composition entitled "PAC MAN", in violation of the Federal Copyright Act, 17 U.S.C. §§ 101, *et seq.* The complaint specifically alleges that defendants, who perform as a musical group, infringed such copyrights "by arranging for the publication and placing upon the market of and by publicly performing a musical composition entitled 'PAC MAN FEVER'."

In support of their motion to dismiss for lack of personal jurisdiction, defendants argue that plaintiff has failed to establish sufficient "minimum contacts" with the State of Nebraska so as to comport with due process. Plaintiff is a Nebraska corporation. Defendants are residents of the State of Georgia and were served with process in that state.

Plaintiff invokes the Court's original jurisdiction over copyright disputes pursuant to 28 U.S.C. § 1338(a), and claims that the Court has personal jurisdiction over defendants pursuant to Nebraska's long-arm statute, *Neb.Rev.Stat.* § 25–536(2) (1983 Supp.). Section 25–536(2) provides that a court may exercise personal jurisdiction over a person "[w]ho has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States." Plaintiff claims that "this Section extends the reach of in personam jurisdiction to the limits authorized by due process." Brief at 4.[1]

To determine whether the Court has personal jurisdiction over defendants in this instance, the Court has considered the due process/minimum contacts analysis recently set forth in *Burger King Corp. v. Rudzewicz,* —— U.S. ——–——, 105 S.Ct. 2174, 2181–84, 85 L.Ed.2d 528 (1985).

Applying that analysis to the alleged facts of this case, the Court concludes that it may properly exercise personal jurisdiction over the defendants. The complaint alleges that defendants infringed plaintiff's copyrights to "PAC MAN" by performing,

---

1. Defendants do not dispute plaintiff's claim that section 25–536(2) provides for personal jurisdiction over nonresidents within the limits of due process.

   The Court notes that the Nebraska Supreme Court recently interpreted section 25–536(2) to provide for "the broadest allowable [personal] jurisdiction over nonresidents." *York v. York,* 219 Neb. 883, 367 N.W.2d 133, 135 (1985). In that case, the Court held that personal jurisdiction over the nonresident defendant, pursuant to section 25–536(2), was proper because sufficient minimum contacts had been established to satisfy due process. *Id.* 367 N.W.2d at 136.

and arranging for the publication and marketing of, a musical composition entitled "PAC–MAN FEVER"; that "[t]he words, music, and performance of 'PAC–MAN FEVER' is represented as being written and created by [defendants] but the words, music, and performance were in fact copied largely from plaintiff's copyrighted musical composition and sound recording entitled 'PAC MAN' "; and that, "as a consequence thereof, a false notice of copyright was placed ... and false registrations of copyrights were effected" on the musical composition "PAC–MAN FEVER" by defendants. Thomas A. Jackson, President of the plaintiff corporation, further alleges by sworn affidavit that he has observed the distribution of sheet music and phonograph recordings entitled "PAC–MAN FEVER", displaying the names of defendants as authors and performers, in retail stores throughout the State of Nebraska, and that he has purchased a copy of each in Omaha, Nebraska. Mr. Jackson further alleges that in the spring of 1982 he observed defendants perform the song "PAC–MAN FEVER" on the national television programs "American Bandstand" and "Solid Gold", broadcast in Omaha, Nebraska. He also alleges that while in Omaha during the summer of 1982 he observed either defendant Buckner or Garcia in a personal interview conducted over national cable network television (WTBS of Atlanta, Georgia), during which the defendant described himself as an author, producer and performer of "PAC–MAN FEVER." Mr. Jackson further claims that he has heard "PAC–MAN FEVER", sung by defendants, broadcast on the radio in Nebraska.

■ Although no physical ties to Nebraska can be attributed to defendants, the "minimum contacts" test has been satisfied in this instance. Assuming the alleged acts of copyright infringement to be true, the Court finds that defendants' conduct and connection with the state of Nebraska were such that they should reasonably have anticipated being sued in this forum. Defendants' activities were "purposefully directed" at plaintiff, a resident of this forum, and the likelihood of such acts causing injury to plaintiff in this state was both foreseeable and highly probable. Thus, defendants cannot argue that they had no "fair warning" that their activities would render them liable to suit here. *See Burger King Corp.*, 105 S.Ct. at 2182–83.

■ The Court now turns to the issue of whether the complaint should be dismissed for improper venue, pursuant to *Fed.R. Civ.P.* 12(b)(3). The basis for venue alleged in the amended complaint is 28 U.S.C. § 1400(a), the federal copyright venue statute, which provides:

> Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found.

In construing this section, courts have generally held that a defendant may be "found" in any district in which personal jurisdiction may be obtained over the defendant. *See, e.g., Donner v. Tams-Witmark Music Library, Inc.*, 480 F.Supp. 1229, 1234–35 (E.D.Pa.1979); *Mode Art Jewelers Co. v. Expansion Jewelry Ltd.*, 409 F.Supp. 921, 923 (S.D.N.Y.1976). Thus, venue is proper in any district in which the court has personal jurisdiction over a nonresident defendant pursuant to a state's long-arm statute. *See Testa v. Janssen*, 482 F.Supp. 1195, 1197 (W.D.Pa.1980); *Battle Creek Equipment Co. v. Roberts Manufacturing Co.*, 460 F.Supp. 18, 21–22 (W.D.Mich.1978). Having already determined, *supra*, that the Court has personal jurisdiction over defendants, the Court must also conclude that venue is proper in this district.

Accordingly,

IT IS ORDERED that defendants Buckner and Garcia's motion to dismiss the amended complaint for lack of personal jurisdiction and improper venue (filing 22) should be and the same is hereby denied.

IT IS FURTHER ORDERED that defendants Buckner and Garcia shall file and serve their answers to the amended com-

plaint within twenty (20) days of the date of this Order.

### On Motion to Dismiss

This matter is before the Court upon defendants BGO Music, Inc. and BGO Records, Inc.'s motion to dismiss the original complaint (filing 7), and motion to dismiss the amended complaint (filing 19). Both motions seek dismissal for lack of personal jurisdiction, *Fed.R.Civ.P.* 12(b)(2), and for improper venue, *Fed.R.Civ.P.* 12(b)(3). Filing 7 also seeks dismissal for insufficiency of process, *Fed.R.Civ.P.* 12(b)(4), and for insufficiency of service of process, *Fed.R.Civ.P.* 12(b)(5).

As against defendants BGO Music, Inc. and BGO Records, Inc., the amended complaint alleges infringement of plaintiff's federally registered copyrights to a musical composition entitled "PAC MAN", in violation of the Federal Copyright Act, 17 U.S.C. §§ 101, *et seq.* The complaint specifically alleges that defendants, which promote and produce various forms of entertainment, infringed such copyrights "by arranging for the publication, promotion, production, manufacturing, distribution and sale of the musical composition entitled 'PAC MAN FEVER' in the form of sheet music and in the form of phonograph records and tapes." The complaint further alleges that defendants "placed false notices of copyrights on copies and recordings of said works and effected false registrations thereof."

In support of their motion to dismiss for lack of personal jurisdiction, defendants argue that plaintiff has failed to establish sufficient "minimum contacts" with the State of Nebraska so as to comport with due process. Plaintiff is a corporation incorporated under the laws of Nebraska. Defendants are independent corporations incorporated under the laws of Georgia and having their principle places of business in Doraville, Georgia.

Plaintiff invokes the Court's original jurisdiction over copyright disputes pursuant to 28 U.S.C. § 1338(a). Defendants acknowledge that the Court's exercise of personal jurisdiction, if at all, is dependent upon Nebraska's long-arm statute, *Neb. Rev.Stat.* 25–536(2) (1983 Supp.). Section 25–536(2) provides that a court may exercise personal jurisdiction over a person "[w]ho has any other contact with or maintains any other relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States."

To determine whether the Court has personal jurisdiction over defendants in this instance, the Court has considered the due process/minimum contacts analysis recently set forth in *Burger King Corp. v. Rudzewicz,* —— U.S. —— – ——, 105 S.Ct. 2174, 2181–84, 85 L.Ed.2d 528 (1985).

Applying that analysis to the alleged facts of this case, the Court concludes that it may properly exercise personal jurisdiction over the defendants. In addition to the alleged infringing activities of defendants, the complaint alleges that defendants have profited as a result of such infringing activities. Further, Thomas A. Jackson, President of the plaintiff corporation, alleges by sworn affidavit that he has observed the distribution of sheet music for the infringing words and music entitled "PAC–MAN FEVER", bearing the copyright notice of defendant BGO Music, Inc., in retail stores throughout the State of Nebraska, and that he has purchased a copy of the same in Omaha, Nebraska. Mr. Jackson further alleges that he has observed the distribution of phonograph recordings for "PAC–MAN FEVER", bearing the notice: "Produced by Buckner & Garcia for the Buie-Geller Organization," in retail stores throughout the state of Nebraska, and that he has purchased a copy of the same in Omaha, Nebraska. Mr. Jackson states that he believes Buie-Geller Organization is a predecessor in interest to and/or a trademark of defendants BGO Music, Inc. and/or BGO Records, Inc.

Assuming the alleged acts of copyright infringement to be true, the Court finds that defendants' distribution and sales of sheet music and phonograph recordings throughout the State of Nebraska

are sufficient to support plaintiff's assertion of personal jurisdiction in this action. Presumably, such distribution was purposefully directed at residents of Nebraska and, as a result, has affected plaintiff, a resident corporation of this state. Regular distribution and sales of these items by defendants cannot be characterized as "random, isolated or fortuitous." *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984). The Court concludes that defendants' conduct and connection with the State of Nebraska were such that they should reasonably have anticipated being sued in this forum, and that the "minimum contacts" test has been satisfied in this instance.

The Court now turns to the issue of whether the complaint should be dismissed for improper venue, pursuant to *Fed.R. Civ.P.* 12(b)(3). The basis for venue alleged in the amended complaint is 28 U.S.C. § 1400(a), the federal copyright venue statute, which provides:

> Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found.

In construing this section, courts have generally held that a defendant may be "found" in any district in which personal jurisdiction may be obtained over the defendant. *See, e.g., Donner v. Tams-Witmark Music Library, Inc.*, 480 F.Supp. 1229, 1234–35 (E.D.Pa.1979); *Mode Art Jewelers Co. v. Expansion Jewelry Ltd.*, 409 F.Supp. 921, 923 (S.D.N.Y.1976). Thus, venue is proper in any district in which the court has personal jurisdiction over a nonresident defendant pursuant to a state's long-arm statute. *See Testa v. Janssen*, 482 F.Supp. 1195, 1197 (W.D.Pa.1980); *Battle Creek Equipment Co. v. Roberts Manufacturing Co.*, 460 F.Supp. 18, 21–22 (W.D.Mich.1978). Having already determined, *supra*, that the Court has personal jurisdiction over defendants, the Court must also conclude that venue is proper in this district.

With regard to defendants' motion to dismiss for insufficiency of service and insufficiency of service of process, *Fed.R. Civ.P.* 12(b)(4) and (5), the Court notes that the amended complaint and corrected summonses have remedied the inconsistencies complained of, therefore, these issues have been rendered moot.

Accordingly,

IT IS ORDERED that defendants BGO Music, Inc. and BGO Records, Inc.'s motion to dismiss the amended complaint for lack of personal jurisdiction and improper venue (filing 19) should be and the same is hereby denied.

IT IS FURTHER ORDERED that defendants' motion to dismiss the original complaint (filing 7) should be and the same is hereby denied as moot.

IT IS FURTHER ORDERED that defendants BGO Music, Inc. and BGO Records, Inc. shall file and serve their answers to the amended complaint within twenty (20) days of the date of this Order.