Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/01/2018 09:10 AM CDT

David Lynn Metzler, appellant, v.
Mary Grace Metzler, appellee.
___ N.W.2d ___

Filed April 10, 2018.    No. A-17-242.

1. **Motions to Dismiss: Pleadings: Appeal and Error.** A district court's
   grant of a motion to dismiss on the pleadings is reviewed de novo,
   accepting the allegations in the complaint as true and drawing all rea-
   sonable inferences in favor of the nonmoving party.
2. **Judgments: Jurisdiction: Appeal and Error.** Determination of a juris-
   dictional issue that does not involve a factual dispute is a matter of law
   which requires an appellate court to reach its conclusions independent
   from a trial court.
3. **Jurisdiction: Divorce.** Under the doctrine of divisible divorce, divorce
   proceedings contain two principal components: (1) the dissolution
   of the marital status and (2) the adjudication of the incidences of
   the marriage.
4. **Jurisdiction: Divorce: Child Support: Alimony.** The divisibility doc-
   trine holds that while a state court may have jurisdiction over the mar-
   riage to dissolve it, that same court may lack personal jurisdiction to
   adjudicate personal matters such as support or alimony.
5. **Jurisdiction: Divorce.** The dissolution of the marital status is gener-
   ally considered an in rem proceeding where the marriage is the res
   adjudicated.
6. **Jurisdiction: States.** In rem proceedings require minimum contacts
   between a person's interest in the res adjudicated and the forum state.
7. **Jurisdiction: States: Domicile.** Because states have a strong interest in
   the marital status of their residents, a marriage has sufficient contacts
   with a state to justify that state's exercise of jurisdiction over it when
   one spouse has established a domicile therein.
8. ____: ____: ____. A nonresident spouse's absence does not diminish a
   state's interest in, or contacts with, the resident spouse's marriage, even

if the nonresident spouse has never traveled to the resident spouse's new state.

9. **Due Process: Jurisdiction: States: Domicile: Service of Process.** If the resident spouse has established a bona fide domicile in a state and his or her service on the nonresident spouse satisfied procedural due process, the state has jurisdiction to adjudicate the resident spouse's marital status.

10. **Divorce: Actions: Domicile: Words and Phrases.** The language of Neb. Rev. Stat. § 42-349 (Reissue 2016) requiring an "actual residence in this state" means that one party is required to have a bona fide domicile in Nebraska for 1 year before commencement of a dissolution action.

11. **Domicile: Intent: Words and Phrases.** Domicile is obtained only through a person's physical presence accompanied by the present intention to remain indefinitely at a location or site or by the present intention to make a location or site the person's permanent or fixed home.

12. **Domicile: Intent.** The absence of either presence or intention thwarts the establishment of domicile.

13. **Domicile.** Once established, domicile continues until a new domicile is perfected.

14. **Jurisdiction: Words and Phrases.** Personal jurisdiction is the power of a tribunal to subject and bind a particular entity to its decisions.

15. **Due Process: Jurisdiction: States.** Before a court can exercise personal jurisdiction over a nonresident defendant, the court must determine, first, whether the long-arm statute is satisfied and, if the long-arm statute is satisfied, second, whether minimum contacts exist between the defendant and the forum state for personal jurisdiction over the defendant without offending due process.

16. ____: ____: ____. When a state construes its long-arm statute to confer jurisdiction to the fullest extent permitted by the Due Process Clause, the inquiry collapses into the single question of whether exercise of personal jurisdiction comports with due process.

17. ____: ____: ____. Due process for personal jurisdiction over a nonresident defendant requires that the plaintiff allege specific acts by the defendant which establish that the defendant had the necessary minimum contacts before a Nebraska court can exercise jurisdiction over a person.

18. **Jurisdiction: States.** When considering the issue of personal jurisdiction, it is essential in each case that there be some act by which the defendant purposely avails himself or herself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.

19. **Due Process: Jurisdiction: States.** The benchmark for determining whether the exercise of personal jurisdiction satisfies due process is whether the defendant's minimum contacts with the forum state are such that the defendant should reasonably anticipate being haled into court there.

20. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction deals with a court's ability to hear a case; it is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.

21. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face.

22. **Actions: Pleadings.** Civil actions are controlled by a liberal pleading regime; a party is only required to set forth a short and plain statement of the claim showing that the pleader is entitled to relief.

23. **Rules of the Supreme Court: Pleadings.** Dismissal under Neb. Ct. R. Pldg. § 6-1112(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.

Appeal from the District Court for Sarpy County: George A. Thompson, Judge. Affirmed in part, and in part reversed and remanded for further proceedings.

Stephanie Weber Milone, of Milone Law Office, for appellant.

Todd O. Engleman, of Nebraska Legal Group, for appellee.

Moore, Chief Judge, and Riedmann, Judge, and Inbody, Judge, Retired.

Moore, Chief Judge.

## I. INTRODUCTION

David Lynn Metzler appeals from an order of the district court for Sarpy County that dismissed his complaint for dissolution of marriage. We conclude that the court erred in dismissing David's complaint with respect to his request for the court to dissolve his marriage. However, we find that the district court was correct in dismissing David's complaint

with respect to issues relating to child custody, parenting time, child support, and division of property and debts. Therefore, we affirm in part, and in part reverse and remand for further proceedings.

## II. BACKGROUND

On October 17, 2016, David filed a pro se complaint for dissolution of marriage in the district court for Sarpy County. David used a preprinted complaint for dissolution of marriage (with children) form for self-represented litigants, which form is available on the Nebraska Judicial Branch website. In his complaint, David set forth his address in Sarpy County and alleged that he has lived in Nebraska for more than 1 year with the intention of making this state a permanent home. David alleged that his spouse, Mary Grace Metzler, lives at a particular address in Pennsylvania. The complaint stated that David and Mary were married on October 27, 2000, in British Columbia, Canada, and that the marriage is irretrievably broken. The complaint contains the names and years of birth of the parties' four children. The complaint set forth the children's addresses and the persons with whom the children have lived for the last 5 years. The complaint referenced another proceeding in a British Columbia court concerning the custody of or parenting time with the children, including a notation of "December 08, 2015, determination of guardians." The form complaint includes a paragraph that states, "[c]hild custody, parenting time, or other access, and child support are not contested." The form complaint also includes paragraphs that state property and debts have been accumulated and should be fairly divided. However, a handwritten notation appears below these paragraphs, which reads "[n]one to be divided" followed by the initials "DM." David requested that the court dissolve his marriage. After the paragraph requesting that the court fairly divide the property and debts between him and Mary, a handwritten note again states "[n]one to be divided" followed by the initials "DM." As a further request, David checked the

box next to "[a]ward my spouse and me joint legal and joint physical custody of the child(ren)." The form complaint also contained paragraphs requesting that the court order a parenting plan and award child support according to the Nebraska Child Support Guidelines.

On February 9, 2017, Mary filed a verified motion to dismiss, claiming that Nebraska courts lack personal jurisdiction of her and subject matter jurisdiction over David's complaint. Additionally, she claimed David's complaint failed to state a claim upon which relief can be granted. On February 27, the district court held a hearing on Mary's motion to dismiss. The district court filed an order dated February 28, 2017, granting Mary's motion to dismiss. The court noted that it was "without jurisdiction to make determination" on child custody and support because the children have never resided in Nebraska and a British Columbia court issued a prior order on these issues. Despite David's request that the court retain jurisdiction to litigate the dissolution, the court reasoned that "the issues of child custody and support are so integrated in the subject matter of the case that Nebraska is not the most convenient forum, nor the appropriate forum." David timely filed this appeal.

## III. ASSIGNMENT OF ERROR

David assigns the district court erred in dismissing his complaint for dissolution of marriage.

## IV. STANDARD OF REVIEW

[1] A district court's grant of a motion to dismiss on the pleadings is reviewed de novo, accepting the allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. *Frenchman-Cambridge Irr. Dist. v. Dept. of Nat. Res.*, 297 Neb. 999, 902 N.W.2d 159 (2017).

[2] Determination of a jurisdictional issue that does not involve a factual dispute is a matter of law which requires an appellate court to reach its conclusions independent from a trial court. *Kozal v. Nebraska Liquor Control Comm.*, 297 Neb. 938, 902 N.W.2d 147 (2017).

## V. ANALYSIS

### 1. Personal Jurisdiction

David argues that because Mary was personally served with a summons and a copy of his complaint, the district court acquired personal jurisdiction over her. Mary counters that because she has never been to Nebraska, she has not maintained "'minimum contacts'" with the state to be subject to its court's jurisdiction. Brief for appellee at 5. Based on the authority that follows, we conclude that there is a distinction between personal jurisdiction over the marriage of a resident spouse and personal jurisdiction over a nonresident spouse. We find that because David has established the requisite domicile in Nebraska, his marriage with Mary has sufficient contact with the state to justify the district court's exercise of jurisdiction over the marriage and David's request to dissolve it.

[3,4] Under the doctrine of divisible divorce, divorce proceedings contain two principal components: (1) the dissolution of the marital status and (2) the adjudication of the incidences of the marriage. See, *Tiedeman v. Tiedeman*, 195 Neb. 15, 236 N.W.2d 807 (1975); *Harvey v. Harvey*, 6 Neb. App. 524, 575 N.W.2d 167 (1998). The divisibility doctrine holds that while a state court may have jurisdiction over the marriage to dissolve it, that same court may lack personal jurisdiction to adjudicate personal matters such as support or alimony. *Tiedeman v. Tiedeman, supra*; *Harvey v. Harvey, supra*. As discussed below, Nebraska courts have jurisdiction to dissolve David's marriage with Mary, but they lack the necessary personal jurisdiction over Mary and her children to adjudicate the more personal matters, such as child custody, parenting time, child support, or division of assets and debts.

### (a) Dissolution of Marital Status

[5-7] The dissolution of the marital status is generally considered an in rem proceeding. *Stucky v. Stucky*, 186 Neb. 636, 643, 185 N.W.2d 656, 660 (1971) (Newton, J., dissenting) ("an action for divorce is universally considered to be an action in rem"). The marriage is the res adjudicated. 27A C.J.S.

Divorce § 10 (2016). In rem proceedings require minimum contacts between a person's interest in the res adjudicated and the forum state. *Shaffer v. Heitner*, 433 U.S. 186, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977). Because states have a strong interest in the marital status of their residents, a marriage has sufficient contacts with a state to justify that state's exercise of jurisdiction over it when one spouse has established a domicile therein:

> Domicil [sic] creates a relationship to the state which is adequate for numerous exercises of state power. [Citations omitted.] Each state as a sovereign has a rightful and legitimate concern in the marital status of persons domiciled within its borders. The marriage relation creates problems of large social importance. Protection of offspring, property interests, and the enforcement of marital responsibilities are but a few of commanding problems in the field of domestic relations with which the state must deal. Thus it is plain that each state, by virtue of its command over its domiciliaries and its large interest in the institution of marriage, can alter within its own borders the marriage status of the spouse domiciled there, even though the other spouse is absent. There is no constitutional barrier if the form and nature of the substituted service [citation omitted] meet the requirements of due process.

*Williams v. North Carolina*, 317 U.S. 287, 298-99, 63 S. Ct. 207, 67 L. Ed. 279 (1942).

[8,9] A nonresident spouse's absence does not diminish a state's interest in, or contacts with, the resident spouse's marriage, even if the nonresident spouse has never traveled to the resident spouse's new state. See *id*. If the resident spouse has established a bona fide domicile in a state and his or her service on the nonresident spouse satisfied procedural due process, the state has jurisdiction to adjudicate the resident spouse's marital status. See, *Estin v. Estin*, 334 U.S. 541, 68 S. Ct. 1213, 92 L. Ed. 1561 (1948); *Williams v. North Carolina, supra*; *Vanvelzor v. Vanvelzor*, 219 P.3d 184 (Alaska 2009); *Collins v. Collins*,

165 Ohio App. 3d 71, 844 N.E.2d 910 (2006); *Bartsch v. Bartsch*, 636 N.W.2d 3 (Iowa 2001); *Taylor v. Jarrett*, 191 Ariz. 550, 959 P.2d 807 (Ariz. App. 1998); *Smith v. Smith*, 459 N.W.2d 785 (N.D. 1990); *In re Marriage of Rinderknecht*, 174 Ind. App. 382, 367 N.E.2d 1128 (1977); *Stottlemyer v. Stottlemyer*, 458 Pa. 503, 329 A.2d 892 (1974). See, also, Restatement (Second) Conflict of Laws § 71 (1971).

[10-13] David satisfied Nebraska's residency requirement to obtain a divorce. In relevant part, Neb. Rev. Stat. § 42-349 (Reissue 2016) provides as follows:

No action for dissolution of marriage may be brought unless at least one of the parties has had actual residence in this state with a bona fide intention of making this state his or her permanent home for at least one year prior to the filing of the complaint . . . .

The Nebraska Supreme Court has interpreted the language of § 42-349 requiring an "actual residence in this state" to mean that one party is required to have a bona fide domicile in Nebraska for 1 year before commencement of a dissolution action. *Catlett v. Catlett*, 23 Neb. App. 136, 869 N.W.2d 368 (2015). Domicile is obtained only through a person's physical presence accompanied by the present intention to remain indefinitely at a location or site or by the present intention to make a location or site the person's permanent or fixed home. *Id.* The absence of either presence or intention thwarts the establishment of domicile. *Id.* Once established, domicile continues until a new domicile is perfected. *Id.*

In David's complaint for dissolution of marriage, he alleged that he has lived in Nebraska for more than 1 year with the intent of making this state a permanent home, which Mary does not dispute. Accepting the allegations in the complaint as true, we conclude David is a resident of Nebraska under § 42-349 who can properly petition a Nebraska court to dissolve his marriage.

In addition, David satisfied procedural due process by complying with the process service requirements for dissolution proceedings. Neb. Rev. Stat. § 42-352 (Reissue 2016) states

that "[s]ummons [for a proceeding under Neb. Rev. Stat. §§ 42-347 to 42-381 (Reissue 2016)] shall be served upon the other party to the marriage by personal service or in the manner provided in section 25-517.02." Mary was personally served by a county sheriff in Pennsylvania, and therefore, David complied with the service requirement of § 42-352. As a result, the district court had jurisdiction to dissolve David and Mary's marriage.

Mary cites the Nebraska Supreme Court's decisions in *Stucky v. Stucky*, 186 Neb. 636, 185 N.W.2d 656 (1971), and *York v. York*, 219 Neb. 883, 367 N.W.2d 133 (1985), to support her argument that the district court lacks jurisdiction to dissolve her marriage because it lacks personal jurisdiction of her. We find these cases to be factually distinguishable. The principles stated in each are consistent with our analysis.

In *Stucky v. Stucky, supra*, the parties resided together in Nebraska, but upon separation, the husband left the state. The husband returned to Nebraska only twice after the parties' separation. However, he continued to deposit money in a joint bank account in Nebraska, he maintained credit accounts and utilities on the family home in Nebraska in his name, and the parties made joint mortgage payments. Based upon the husband's contacts with Nebraska, the Nebraska Supreme Court determined that the district court had in personam jurisdiction over the husband to enter a personal judgment for support, alimony, and costs. The decree also awarded the husband certain property.

In *York v. York, supra*, the parties were married in Nebraska, lived in the state together for approximately 17 years, and had five children born here. The parties also owned a home together in Nebraska. The husband moved out of state and was personally served with summons upon the filing of the wife's action for dissolution. The Nebraska Supreme Court determined that Nebraska had in personam jurisdiction over the presently nonresident husband, since Nebraska was the last place of marital domicile and his wife and children still resided in Nebraska.

While the above cases support the proposition that a court cannot make determinations about the incidences of marriage without personal jurisdiction, they do not deny a court's ability to grant a resident spouse's request for dissolution of a marriage. Because a court does not need personal jurisdiction of the nonresident spouse to adjudicate the marital status of the resident spouse, the principles outlined in *Stucky* and *York* do not apply here.

Nebraska courts have jurisdiction to dissolve a marriage so long as the petitioner meets the residency requirements and procedural due process is satisfied. After our de novo review of the record, we conclude the district court erred when it dismissed David's petition requesting a dissolution of his marriage.

### (b) Incidences of Marriage

[14,15] On the other hand, Nebraska courts lack personal jurisdiction over Mary to adjudicate personal matters that are incidences of the marriage, such as child custody, parenting time, child support, and division of property and debts. Personal jurisdiction is the power of a tribunal to subject and bind a particular entity to its decisions. *RFD-TV v. WildOpenWest Finance*, 288 Neb. 318, 849 N.W.2d 107 (2014). Before a court can exercise personal jurisdiction over a nonresident defendant, the court must determine, first, whether the long-arm statute is satisfied and, if the long-arm statute is satisfied, second, whether minimum contacts exist between the defendant and the forum state for personal jurisdiction over the defendant without offending due process. *Id.*

[16] Nebraska's long-arm statute, Neb. Rev. Stat. § 25-536 (Reissue 2016), provides that a court may exercise personal jurisdiction over a person "[w]ho has any . . . contact with or maintains any . . . relation to this state to afford a basis for the exercise of personal jurisdiction consistent with the Constitution of the United States." When a state construes its long-arm statute to confer jurisdiction to the fullest extent

permitted by the Due Process Clause, the inquiry collapses into the single question of whether exercise of personal jurisdiction comports with due process. *RFD-TV v. WildOpenWest Finance, supra*.

[17-19] Due process for personal jurisdiction over a nonresident defendant requires that the plaintiff allege specific acts by the defendant which establish that the defendant had the necessary minimum contacts before a Nebraska court can exercise jurisdiction over a person. *Id.* When considering the issue of personal jurisdiction, it is essential in each case that there be some act by which the defendant purposely avails himself or herself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws. *Id.* The benchmark for determining whether the exercise of personal jurisdiction satisfies due process is whether the defendant's minimum contacts with the forum state are such that the defendant should reasonably anticipate being haled into court there. *Id.*

Here, there is no dispute that Mary and their children have never had any contact with Nebraska whatsoever. Mary and David were married, had four children, and separated in Canada. Mary and their children have never traveled to Nebraska. While David alleged there was no marital property or debts for the court to divide, the form complaint requested a fair division of property and debts. Further, although the complaint acknowledges a prior proceeding concerning custody of the children in a British Columbia court, the form complaint included a paragraph requesting that the court grant David joint legal and physical custody of the children. The form complaint also requested that the court determine a parenting plan and set child support. To the extent that David's complaint included requests for relief that are personal in nature, i.e., child custody, parenting time, child support, and division of property and debts, we find the district court did not err in dismissing these requests in the complaint due to lack of personal jurisdiction over Mary.

## 2. Subject Matter Jurisdiction

David argues the district court also had subject matter jurisdiction to adjudicate his complaint for divorce. Mary disagrees, arguing the Nebraska courts lack subject matter jurisdiction of David's divorce petition because there are no marital assets in Nebraska.

[20] Subject matter jurisdiction deals with a court's ability to hear a case; it is the power of a tribunal to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *House v. House*, 24 Neb. App. 595, 894 N.W.2d 362 (2017). Neb. Rev. Stat. § 42-351 (Reissue 2016) provides in relevant part as follows:

> (1) In proceedings under sections 42-347 to 42-381, the court shall have jurisdiction to inquire into such matters, make such investigations, and render such judgments and make such orders, both temporary and final, as are appropriate concerning *the status of the marriage*, the custody and support of minor children, the support of either party, the settlement of the property rights of the parties, and the award of costs and attorney's fees.

(Emphasis supplied.) As discussed above, David's complaint requests the dissolution of his marriage, which is clearly within the district court's jurisdiction. Based upon our de novo review of the record, we conclude that the district court had subject matter jurisdiction to adjudicate David's divorce under §§ 42-349 and 42-351. We find the district court erred in granting Mary's motion to dismiss David's complaint for lack of subject matter jurisdiction.

## 3. Failure to State Claim

Last, David argues that his complaint contains all the allegations required by § 42-349 and Neb. Rev. Stat. § 42-353 (Reissue 2016). Therefore, it states a claim upon which relief may be granted, and the district court should not have dismissed it based upon Neb. Ct. R. Pldg. § 6-1112(b)(6). We agree.

[21-23] To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Davis v. State*, 297 Neb. 955, 902 N.W.2d 165 (2017). Nebraska is a notice pleading jurisdiction. *Rodriguez v. Catholic Health Initiatives*, 297 Neb. 1, 899 N.W.2d 227 (2017). Civil actions are controlled by a liberal pleading regime: a party is only required to set forth a short and plain statement of the claim, showing that the pleader is entitled to relief. *Id.* Dismissal under § 6-1112(b)(6) should be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief. *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017).

Section 42-353 details the allegations a dissolution of marriage complaint must contain:

The complaint shall include the following:

(1) The name and address of the plaintiff and his or her attorney, except that a plaintiff who is living in an undisclosed location because of safety concerns is only required to disclose the county and state of his or her residence and, in such case, shall provide an alternative address for the mailing of notice;

(2) The name and address, if known, of the defendant;

(3) The date and place of marriage;

(4) The name and year of birth of each child whose custody or welfare may be affected by the proceedings and whether (a) a parenting plan as provided in the Parenting Act has been developed and (b) child custody, parenting time, visitation, or other access or child support is a contested issue;

(5) If the plaintiff is a party to any other pending action for divorce, separation, or dissolution of marriage, a statement as to where such action is pending;

(6) Reference to any existing restraining orders, protection orders, or criminal no-contact orders regarding any party to the proceedings;

(7) A statement of the relief sought by the plaintiff, including adjustment of custody, property, and support rights; and

(8) An allegation that the marriage is irretrievably broken if the complaint is for dissolution of marriage or an allegation that the two persons who have been legally married shall thereafter live separate and apart if the complaint is for a legal separation.

David's complaint contained each of the allegations required above. Therefore, we conclude that David stated a claim upon which the district court could grant relief and that the district court erred in granting Mary's motion to dismiss for failure to state a claim.

## VI. CONCLUSION

The district court had personal and subject matter jurisdiction to adjudicate David's request for a dissolution of his marriage, and David's complaint stated a cause of action for such dissolution. However, the district court lacked personal jurisdiction of Mary to adjudicate issues relating to child custody, parenting time, child support, and division of property and debts. Therefore, we affirm the dismissal of any claims contained in the complaint for child custody, parenting time, child support, and division of property and debts. We reverse the dismissal of the request for a dissolution of marriage contained in the complaint and remand the cause for further proceedings.

AFFIRMED IN PART, AND IN PART REVERSED AND
REMANDED FOR FURTHER PROCEEDINGS.